## The Blue Grass Traction Co. v. Crosdale.

(Decided April 18, 1911.)

### Appeal from Bourbon Circuit Court.

Bills of Exceptions.—Failure to File, or to Obtain Extension to File at term of Trial.—It is well settled in this court that unless time within which to tender and file a bill of exceptions is given by an order at the term at which the motion and grounds for a new trial are overruled, the bill cannot thereafter be filed. There must be some written evidence upon the record books of the court, either the motion book, the order book or the judge's record, showing that the time has been extended, or else the right to file the bill is lost and the judge is powerless to receive, approve or permit what purports to be a bill to be filed. There being no record that the time was extended

in this case defendant lost his right to have the bill of exceptions filed and it cannot be considered here.

STOLL & BUSH, TALBOTT & WHITLEY, and ALLEN & DUN CAN for appellant.

E. M. DICKSON and C. M. THOMAS for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

While being driven by his sister-in-law in the outskirts of Paris, Kentucky, appellee's horse took fright at one of appellant's cars, became unmanageable, ran off, overturned the buggy and seriously injured him. Charging that the accident was due to the willful neglect and gross carelessness of those in charge of the car, he sued to recover damages for his injury. The company denied liability. Upon a trial before a jury, at the November term, 1907, of court, plaintiff recovered a verdict for $1,800. Judgment was entered thereon and on the following day a motion and grounds for a new trial were made, but not acted upon at that term. Nor was it acted upon at the succeeding March term; but at the June term, and on the third day of July, the following order was entered:

"The motion and grounds for a new trial hereinbefore filed, by counsel for defendant, coming on to be heard and the court sufficiently advised is overruled to which ruling of the court the defendant objects and excepts and prays an appeal to the Court of Appeals of Kentucky which is granted."

No further steps were taken in the case at that term, no further orders were made, no bill of exceptions was offered or tendered, and no time was asked for or given within which to prepare and tender such bill. After court had adjourned for that term, and on the 26th day of July, 1909, defendant's counsel filed with the clerk its schedule, as follows:

"The clerk of the Bourbon Circuit Court is hereby directed to copy the entire record in the above styled cause to be used by defendant on the appeal to the Court of Appeals of Kentucky."

At the following November term, on the 30th day of November, the defendant tendered and offered to file the bill of evidence as made out by the official stenogra-

pher of the court. Plaintiff objected to the filing. On the 14th day of December defendant filed the affidavit of the clerk of the Bourbon Circuit Court, which is as follows :

"The affiant, C. E. Butler, states that he is and was clerk of the Bourbon Circuit Court at its June term, 1909; that when the court (the regular judge then presiding) overruled the grounds for a new trial in this action, he gave until the 3d day of the November term to tender a bill of exceptions, and that affiant directed his deputy to write out the order on the order book accordingly, but that by oversight the deputy omitted from the order the provisions as to giving time until the 3d day of the November term to file bill of exceptions."

Based upon that affidavit, the defendant again renewed its motion to have the bill of evidence, as made out by the official stenographer, signed and approved by the judge and filed as the bill of evidence in the case; to all of which the plaintiff objected, and to the ruling of the court in permitting it to be done he at the time excepted.

The first question which we are called upon to determine is whether or not there is a bill of evidence in the case which can be considered in this court. It is conceded that, at the June term, when the motion for a new trial was overruled, the record does not show that any bill of evidence was offered or tendered or given until a day in the succeeding term within which to prepare and file a bill. But the trial court was of opinion that, inasmuch as the clerk made oath that such order was in fact made, though through oversight not entered, the defendant was entitled to have the benefit of the extension of time as though the order had been entered upon the order book at the June term.

Section 334 of the Code provides that:

"The party objecting must except when the decision is made; and time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term."

In Vandever v. Griffith, 2 Metcalf, 425, this court, in discussing a case in many respects similar to that under consideration, said :

" 'Time may be given to reduce the exception to writing.' But when must the time be given? When shall the court make the order allowing the time? Surely, at

the time the exception was taken. The records of that term must show that the exception was taken at the time the decision was made, and that time was then given to reduce the exception to writing.

"In the case now before us, the trial was had at the September term, 1858. There were at that time a verdict and judgment, grounds for a new trial filed, and a motion made thereon, and the motion overruled. But there is no order allowing time to reduce to writing and file exceptions.

"At the next March term, we find a statement that 'the parties came by their attorneys, and it appearing that at the trial of this cause at the last term of this court, the court allowed defendants time to prepare a statement and bill of exceptions.'

"Now, does this appear? Was it from the memory of the judge, or a suggestion of one of the attorneys, or of one of the parties, or a statement of a bystander? It does not appear from the record. There is no trace of any such thing there.

"Are circuit courts to be allowed to act, in matters of the gravest importance to litigants and the community generally, and where there are plain rules of law written for their guidance and control, upon appearances so unreliable and uncertain as were acted upon in this case? Certainly it can not be allowed. If so, the rights of litigants in the matter of making out and filing bills of exceptions will not longer be secure.

"In the same entry upon which we are commenting, it is further said, 'which (i. e., the statement of the evidence and bill of exception) being now presented, are ordered to be entered as part of this record nunc pro tunc.' This does not purport to be an entry nunc pro tunc of the order giving time, etc. To this day no such order has been entered. The order is, that the statement of evidence and bill of exceptions be entered, etc. And we apprehend that such an order could not have been properly and rightfully entered by the court at a subsequent term, after the cause had been terminated by a final judgment, and motion for a new trial made, and that motion overruled. The case was ended and completely out of court."

And again in the case of Wade, et al. v. Bryant, et al., 9 Ky. Law Rep., 877, where a somewhat similar question was under consideration, the court said:

"The appellants did not, during the term of court at which the nunc pro tunc judgment was rendered, present to the court a bill of exceptions containing the evidence offered to sustain their exceptions to the report of partition; nor did they obtain leave to present it at the following term. But at the following term they presented to the court the bill of exceptions, which the court refused to sign. In this, as has been repeatedly decided by this court, the court did right. Therefore, as we can not consider the bill of exceptions, and as the report of partition on its face seems to be fair and equitable, the judgment is, therefore, affirmed."

Again, in the case of Boyd County v. Ross, 95 Ky., 169-173, the court said:

"The general rule thus stated has been repeatedly and uniformly approved and applied by this court. And it has been distinctly held more than once that the mere recollection of the judge of a court of what took place at a former term is not sufficient to authorize an addition to or amendment of the record in regard to any order or judgment. In Lynch v. Reynolds, 6 Bu., 547, is this expression and emphatic language: 'The proposition is to supply the whole by memory of the judge alone of what took place. The accuracy of memory of the judge as to what he states cannot be questioned; but can omissions and failures to enter orders and judgments be thus supplied at a subsequent term? If they can, the records of courts must lose their verity and the rights of citizens depend on varying and fading memories of men. The law forbids such a state of things. This question we regard as settled in Vandever v. Griffith, 2 Met., 425.' "

In other cases the same rule has been announced, so that it may be said that the principle is well settled in this court that, unless time within which to tender and file a bill of exceptions is given by an order at the term at which the motion and grounds for a new trial are overruled, the bill can not thereafter be filed. There must be some written evidence entered upon the record books of the court, either the motion book, the order book, or the judge's record, showing that the time has been extended, or else the right to file the bill is lost; and the judge is powerless to receive, approve or permit what purports to be a bill to be filed. There being no record that the time was extended in this case, defendant lost

its right to have the bill of exceptions filed, and it can not be considered here. The pleadings support the judgment and it is, therefore, affirmed.