## Keiper v. City of Louisville

(Decided January 23, 1913.)

### Appeal from Jefferson Circuit Court.
### (Criminal Division.)

Appeal—Jurisdiction—City of First Class—Fine of $25—Section 347, Criminal Code—Section 2922, Kentucky Statutes.—From a judg-

ment imposing a fine of $25 for a violation of an ordinance of a city of the first class, no appeal lies to this court.

D. R. CASTLEMAN and PRIOR & CASTLEMAN, for appellant.

W. J. O'CONNOR, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Dismissing Appeal.

Appellant, William Kieper, was arrested on a warrant charging him with a violation of Section 5 of an ordinance of the City of Louisville entitled "An ordinance for Preventing the Manufacture and Sale of Adulterated or Misbranded Foods and Providing Penalties for Violation Thereof." The police court fined him $25 and costs. On appeal to the Jefferson circuit court, Criminal Division, a like fine was imposed. From that judgment this appeal is prosecuted.

Appellee has made a motion to dismiss the appeal.

Section 347, Criminal Code, relating to appeals in penal actions and prosecutions for misdemeanor, provides as follows:

"The Court of Appeals shall have appellate jurisdiction in penal actions and prosecutions for misdemeanors in the following cases only, viz: If the judgment be for a fine exceeding $50.00 or for imprisonment exceeding 30 days; or if the judgment be for the defendant in cases in which a fine exceeding $50.00 or confinement exceeding 30 days might have been inflicted."

It is conceded that under the above section this court is without jurisdiction to entertain an appeal from a fine of $25 and costs. It therefore follows that unless there is some other statute conferring the right of appeal in such case, the appeal cannot be considered. Appellant contends that the right of appeal is given by Section 2922, Kentucky Statutes, providing for appeals from judgments from the Police Court of the City of Louisville. This section is as follows:

"Appeal shall be from the decision of the said court to the Circuit Court in all cases where the amount of the fine imposed is as much as $20.00. In cases where a fine of $20.00 or less is imposed under an ordinance the legality of the said ordinance may be tested by the city by an appeal to the Jefferson Circuit Court or by the defendant by a writ of prohibition to the Jefferson Circuit Court, and after a decision has been rendered in the Circuit Court as provided for in this Section either the

city or the accused may appeal to the Court of Appeals, as other cases in the Circuit Court are appealed. In all cases in which the judgment in addition to a fine prescribes imprisonment exceeding 10 days the defendant may have an appeal to the Circuit Court and thence to the superior court or the Court of Appeals, except in cases in which bail has been required for good behavior and has not been given.''

It will be observed that the only instances in which this section provides for an appeal to this court are (1) where a fine of $20 or less has been imposed, and the city has appealed to the circuit court to test the validity of the ordinance, or the defendant, for the purpose of testing the validity of the ordinance, has proceeded by a writ of prohibition to the Jefferson circuit court, and there has been a decision rendered in the circuit court; and (2) in all cases in which the judgment, in addition to a fine, prescribes imprisonment exceeding 10 days, except in cases in which bail has been required for good behavior and not given. This appeal does not fall within the first class of cases, for the fine imposed exceeded $20, and appellant could not and did not test the validity of the ordinance by a writ of prohibition to the Jefferson Circuit Court. C. & O. Ry. Co., v. Commonwealth, 116 S. W., 323. The appeal does not fall under the last provision of the section, for the judgment did not prescribe, in addition to the fine, an imprisonment exceeding ten days. The first part of the section, which provides for an appeal to the circuit court where the fine is $20 or more, does not provide for any appeal to this court. Having specified the only instances in which appeals could be taken to this court, and having provided for an appeal to the circuit court in all cases where the fine was as much as $20, without any additional provision for an appeal to this court, we conclude that the legislature, by remaining silent as to appeals from the circuit court where the fine was as much as $20, intended that those appeals should be controlled by the general law on the subject of appeals in cases of penal actions and misdemeanors, as set forth in Section 347, Criminal Code.

This conclusion is not in conflict with the rule announced in Dunn v. Commonwealth, 105 Ky., 834, and in Chapman v. City of Mayfield, 31 Ky. L. Rep. 982. In the Dunn case a fine of $5.00 was imposed for violation of an ordinance of the city of Catlettsburg, then a city

of the fourth class. In the Chapman case a fine of $1.00 was imposed for a violation of an ordinance of the city of Mayfield, also at that time a city of the fourth class. Section 3519, Kentucky Statutes, being that part of the charter of cities of the fourth class relating to appeals to the circuit court and Court of Appeals, provides:

"Appeals shall be from the judgment of said court to the circuit court of the county in all cases where the fine is more than twenty dollars. In cases where fines of twenty dollars or less are imposed or authorized under ordinances, the legality of such ordinances may be tested by either party by an appeal to the circuit court of the county. Where any judgment shall be rendered from the circuit court of the county, as provided for in this section, either the city or the accused may appeal to the superior court or the court of appeals."

It will be observed that the above section provides for an appeal to the circuit court by either party in cases where the fine imposed is $20 or less, and further provides that where any judgment shall be rendered from the circuit court of the county as provided for in this section, either the city or the accused may appeal to the superior court or the court of appeals. As the legality of the ordinances in the Dunn and Chapman cases was attacked, and the fines imposed were less than $20, and as the statute gave in terms an appeal in such cases, this court properly entertained the appeals.

For the reasons given, the appeal is dismissed.