## Keiper v. City of Louisville.

(Decided March 11, 1913.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Municipal Corporations—Ordinance—Validity—Appeal.—The validity of an ordinance in a city of the first class may be tested by an appeal to the circuit court, and from the circuit court to the Court of Appeals, where a fine as much as $20 is imposed.

2. Municipal Corporations — Ordinances — Attack Upon — Appeal.— A person attacking an ordinance on the ground that it authorizes

an unreasonable search, must show that as applied to him, it is
unreasonable or oppressive; and in the absence of a bill of excep-
tions, it will be presumed that the circuit court decided correctly.

8. Municipal Corporations—Ordinances—Imposing Fine.—The de-
fendant having been fined $25 cannot complain that the ordinance
under which he was fined, authorized both fine and imprisonment,
when under the statute, the council had authority to provide only
for a fine.

D. R. CASTLEMAN and PRYOR & CASTLEMAN for appellant.

W. J. O'CONNOR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Af-
firming.

Sections 5 and 8 of the ordinance of the city of Louis-
ville for preventing the manufacture and sale of impure
foods are as follows:

"Any officer, agent or employe representing the
Health Department, or police officer of the city of Louis-
ville shall at all times have right of entry for inspection
to any building premises or place of any kind where food
products are stored or kept for sale, and to any wagon,
railroad car or other vehicle of any kind used for the con-
veyance of food products to be sold in the city of Louis-
ville; and such officer, agent or employe shall at all times
have the right to inspect all apparatus, appliances, uten-
sils or other equipment to be used in connection with the
production, handling, transportation or distribution of
food products to be sold or offered for sale in the city of
Louisville, and such officer, agent or employe shall have
the right at any time to take samples of food products
therefrom for the purpose of analysis. No person shall
interfere with such Health Officer or with any agent or
employe in performance of his official duty when such
person has reasonable grounds for recognizing said
Health Officer or agent or employe in his official capac-
ity, nor shall any person hinder, prevent or refuse to
permit any inspection or examination aforesaid." (Sec-
tion 5.)

"Any person, firm, company or corporation which
shall violate any of the provisions of this ordinance shall
be fined not less than ten dollars ($10.00) nor exceeding
one hundred dollars ($100.00), or be imprisoned not to
exceed fifty days, or both such fine and imprisonment."
(Section 8.)

Appellant was arrested under a warrant for violating the ordinance in refusing to allow a health officer to make an inspection, and was fined $25 in the police court. He appealed to the Jefferson Circuit Court, which entered the same judgment, and from it hè has prosecuted the appeal before us.

Section 2922 Ky. St. regulating appeals from the police court is as follows:

"Appeals shall be from the decisions of said court to the circuit court in all cases where the amount of the fine imposed is as much as twenty dollars. In cases where a fine of twenty dollars or less is imposed under an ordinance, the legality of said ordinance may be tested by the city by an appeal to the Jefferson Circuit Court or by the defendant by a writ of prohibition to the Jefferson Circuit Court, and after a decision has been rendered in the circuit court, as provided for in this section, either the city or the accused may appeal to the Court of Appeals as other cases in the circuit court are appealed. In all cases in which the judgment, in addition to a fine, prescribes imprisonment exceeding ten days, the defendant may have an appeal to the circuit court, and thence to the superior court or Court of Appeals, except in cases in which bail has been required for good behavior and has not been given."

The appellee entered a motion in this court to dismiss the appeal for want of jurisdiction. On the original hearing that motion was sustained and the appeal dismissed. (See Keiper v. City of Louisville, 151 Ky., 691.) But upon a petition for rehearing that opinion was withdrawn and the case has been resubmitted. Our conclusion is that in the first sentence appeals are provided for where the amount of the fine imposed is as much as $20; that by the second sentence a scheme for the testing of the validity of an ordinance is provided, and that where the fine is not as much as $20, and an appeal does not lie, the legality of the ordinance may be tested by the city by an appeal to the Jefferson Circuit Court, or by the defendant by a writ of prohibition to the Jefferson Circuit Court, and that after a decision has been rendered in the circuit court as to the validity of an ordinance, either on an appeal by the defendant or the city, where the amount of the fine is as much as $20; or where a fine of less than $20 is imposed under the ordinance, on an appeal by the city or on a writ of prohibition prose-

cuted by the defendant in the Jefferson Circuit Court, then either the city or the accused may appeal to this court on the question of the validity of the ordinance as other cases in the circuit court are appealed. When this section is read in connection with the other sections of the statutes providing for testing the legality of ordinances, we are satisfied that it was intended that an appeal might be taken to this court in all cases on the question of the legality of the ordinance; that where the fine is as much as $20, the defendant's remedy is by appeal to the circuit court, and from that court to this court; and where the fine is not as much as $20, the defendant's remedy is by writ of prohibition in the Jefferson Circuit Court, and by appeal from the judgment of that court to this court. It cannot be concluded that the Legislature intended that the validity of an ordinance involving a fine less than $20 should be tested by an appeal to this court, and that it intended to leave without remedy the more important case involving a fine of $20 or more. The statute is not clearly drawn, but upon a reconsideration of the matter we are of the opinion that it contemplates that the defendant may either by appeal to the circuit court or by writ of prohibition test the validity of any ordinance, and that in either case it was contemplated that an appeal might be taken from the judgment there rendered to this court on that question. The motion to dismiss the appeal for want of jurisdiction is therefore overruled.

It is insisted that the ordinance is invalid under section 10 of the Constitution, which is as follows:

"The people shall be secure in their persons, houses, papers, and possessions from unreasonable search and seizure; and no warrant shall issue to search any place or seize any person or thing without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

There is no bill of exceptions in the record and there is nothing to show what were the facts of the case. While under the Constitution the people must be secure from unreasonable search, there is nothing in the record to show that an unreasonable search was imposed upon the defendant. An ordinance may be reasonable as applied to one state of facts and unreasonable when applied to another. When the aid of the court is invoked, the person attacking the ordinance enacted under the police

power must affirmatively show that as applied to him it is unreasonable or oppressive. (Wells v. Town of Mt. Olivet, 126 Ky., 131; Bradford v. Jones, 142 Ky., 820.) In its exercise of the police power to prevent the sale of impure foods, the city may at least provide for the inspection of such foods by a competent inspector, in places where they are offered for sale. An ordinance providing for such inspection does not violate the constitutional provision as authorizing an unreasonable search, and as there is nothing in the record to show that more than this was done in the case before us, we must, in the absence of a bill of exceptions, presume that the circuit court ruled correctly.

We do not now define the limits to which a city may go under the ordinance above quoted, as that question is not before us. We only determine that the appellant does not show that, as applied to him, the ordinance was unreasonable.

Section 2782 Ky. St. provides:

"The general council shall have power to pass ordinances imposing fines, not exceeding one hundred dollars, for any designated misdemeanor not provided for by the general laws of the Commonwealth; but in cases where the General Statutes of the Commonwealth impose a fine not exceeding one hundred dollars, such fine may be increased by ordinance."

It is insisted that the council has power to pass ordinances imposing fines not exceeding $100 for any designated misdemeanor not provided for by the general laws of the State; and that the offense with which appellant was charged is not provided for by the general laws of the State. By section 168 of the Constitution no municipal ordinance shall fix a penalty for a violation of it at less than that imposed by the statutes of the State for the same offense. In the State Pure Food Law a fine of not less than $10 nor more than $100, or imprisonment not exceeding 50 days, or both such fine and imprisonment may be imposed for selling or offering for sale adulterated or misbranded goods. But we do not find anything in the State statute punishing the offense with which appellant was charged, he being charged merely with refusing to allow an inspection. This offense not being punished under the State statute may be punished only with a fine not exceeding $100. The ordinance was made to conform to the penalty of the State statute, that

it might not be held in violation of the Constitution, and some of the provisions of the ordinance are similar to the provisions of the State statute. But the appellant can not complain of this part of the ordinance, as he was only fined $25. If the ordinance as to the offense with which he was charged is void so far as it authorizes imprisonment, this is no reason why the valid part of the ordinance should not be enforced; for the ordinance was evidently framed as it is to conform to the constitutional provision.

Judgment affirmed.