## City of Franklin v. Lacey.

(Decided February 4, 1914.)

### Appeal from Simpson Circuit Court.

1. Appeal—Appeal from Judgment of Police Court of Fourth Class City—Fines—Ordinances.—An appeal lies from the judgment of the Police Court of a city of the fourth class to the circuit court where the fine is more than $20.00; and where a fine of less than $20.00 is imposed or authorized under an ordinance, the legality of such ordinance may be tested, by either party, by an appeal to the circuit court.

2. Equity—Injunction to Restrain Criminal Prosecution.—Ordinarily a court of equity will not enjoin the prosecution of a criminal proceeding.

3. Equity—When Court of Will Take Jurisdiction to Prevent Multiplicity of Prosecutions.—Where no appeal is given by statute from the judgment of a Police Court, by reason of the smallness of the fine and the legality of the ordinance, equity will take jurisdiction to prevent a multiplicity of prosecutions and irreparable injury, pending the settlement of the property rights of the parties.

4. Municipal Corporations—Discretion of Boards in Supervising Condition of Streets.—The authority conferred upon municipal boards and the broad discretion allowed them in caring for and supervising the condition of the streets and other public places, is not confined to keeping them in safe condition for travel; it extends as fully to keeping them clean and attractive in appearance.

5. Municipal Corporations—Removal of Obstruction from Sidewalk.—The action of a municipal Board of Trustees in requiring the removal of an obstruction from a sidewalk will not be interfered with by the courts, unless such action upon the part of the Board is arbitrary, unreasonable or capricious.

6. Municipal Corporations—Obstruction of Sidewalk by Tree—Removal of Tree.—Aside from the fact that a tree obstructs a sidewalk, a municipal Board of Trustees of a city of the fourth class has authority to require the removal of the tree, in an effort to beautify the town and improve the appearance of the street.

LAWRENCE B. FINN and A. S. WALKER for appellant.

SIMS & RODES and WHITESIDES & EVANS for appellee.

Opinion of the Court by Judge Miller—Reversing.

The appellee, R. H. Lacey owns a residence, with large grounds, on the north side of Cedar street in Franklin, a city of the fourth class. Two sugar maple trees about two and a half feet in diameter, stand directly in a line of the front fence next to the sidewalk. It is said their size and height indicate that they are of from sixty to seventy years growth. The trunks of the trees are partly within the yard fence, and partly beyond it, thus extending a short distance into the sidewalk. Some years ago some of the top limbs were broken in a storm, but appellee claims they still are of a vigorous growth, and they undoubtedly furnish good shade in the summer.

On June 15, 1912, the judge of the Franklin Police Court issued a warrant against appellee, charging him with obstructing the sidewalk by allowing the trees above-mentioned to remain on the sidewalk in the manner above stated.

Two days later, on June 17, a second warrant was issued against appellee, charging him with the same offense. These warrants were issued under an ordinance, admitted to be valid by appellee, which made it unlawful, for any person, to obstruct a pavement or sidewalk, under penalty of a fine of not less than five nor more than ten dollars for each offense, and making every twelve hours continuance of such obstruction a separate offense.

Appellee was fined $10.00 under one of the warrants, and appellant's officers having threatened him with other warrants unless and until he removed said trees, the appellee, to save himself from daily annoyance, repeated fines, and irreparable injury, and to prevent the destruction of his trees, filed this action asking that appellant and its officers be enjoined and restrained from further prosecuting him for said alleged infractions of the ordinance.

Upon final hearing the circuit court granted the injunction, and the city appeals.

Appellant rests its contention for a reversal upon the single point that the circuit court was without jurisdiction to enjoin the prosecution of a criminal proceeding; while appellee, on the other hand, asks an affirmance upon the ground that the police court prosecutions upon the part of the city were arbitrary, unreasonable, and oppressive; and there being no appeal, the circuit court had

jurisdiction, by way of injunction, to restrain proceedings of that character.

Ordinarily a court of equity will not enjoin the prosecution of a criminal proceeding. Smiser v. City. of Cynthiana, 29 Ky. L. R., 1245, 97 S. W., 35.

But where there is no appeal, and repeated prosecutions are threatened, equity will take jurisdiction to prevent a multiplicity of prosecutions and irreparable injury pending the settlement of the property rights of parties. Shinkle v. City of Covington, 83 Ky., 420; Ludlow & Cincinnati C. Co. v. City of Ludlow, 102 Ky., 356; Polsgrove v. Moss, 154 Ky., 408; Evans v. Cook, 33 Ky. Law R., 788, 111 S. W., 327.

There is no appeal in this case from the Police Court judgment.

Section 3519 of the Kentucky Statutes, constituting a part of the charter of cities of the fourth class, provides for appeals from judgments of the Police Court, in the following cases:

"Appeals shall be from the judgment of said court to the circuit court of the county in all cases where the fine is more than twenty dollars. In cases where fines of twenty dollars or less are imposed or authorized under ordinances, the legality of such ordinances may be tested by either party by an appeal to the circuit court of the county. Where any judgment shall be rendered from the circuit court of the county, as provided for in this section, either the city or the accused may appeal to the superior court or the Court of Appeals."

It will be observed that the highest fine provided by the ordinance for the offense charged against the appellee is $10.00, and that from a judgment of the Police Court imposing a fine of that amount, there is no appeal, unless the legality of the ordinance is questioned. Chapman v. City of Mayfield, 31 Ky. L. R., 982, 104 S. W., 376; Dunn v. Commonwealth, 105 Ky., 834; Keiper v. City of Louisville, 151 Ky., 692. But as the ordinance is not attacked for illegality, the statute provides for no appeal in the prosecution against appellee. On the contrary, the validity of the ordinance is admitted by appellee.

Appellee having shown there is no appeal from the repeated threatened prosecutions and judgments of the Police Court, he was still not entitled to the injunction

unless the prosecutions by the city were arbitrary, unreasonable or oppressive.

In view of the fact that the precise question here involved was considered at length in the recent case of Town of LaGrange v. Overstreet, 141 Ky., 43, we deem it unnecessary to say more than call attention to the rule there announced, and apply it to the facts of this case. The controlling facts of the two cases are quite similar.

In the Overstreet case the court considered the right of a municipal Board of Trustees to order the removal of a tree that stood in a sidewalk that had been ordered to be re-constructed, the real purpose of the ordinance in that case being to secure the removal of the tree. In that case the tree was about two feet and four inches in diameter—about the same size as the trees in the case at bar.

In the preliminary discussion of the question, the court said:

"One reason for allowing a wide latitude in respect to the control of these public places grows out of the fact that the law requires municipalities to keep the streets, sidewalks and public ways in a reasonably safe condition for public travel, and this means the whole of the way that has been dedicated or set apart for public use and not a part of it.

"We may further say that the authority conferred and broad discretion allowed in caring for and supervising the condition of the streets and other public places is not confined to keeping them in safe condition for travel, it extends as fully to keeping them clean and attractive in appearance."

After reviewing the evidence, and pointing out the fact that the Board of Trustees had determined that the tree in that case was not only an unreasonable and unnecessary obstruction of the street but was also an unsightly and useless object, and should therefore be removed notwithstanding the claim of Overstreet and other citizens of the town that the tree was not an unreasonable or an unnecessary obstruction, but was useful as well as ornamental, the court disposed of the case in the following language:

"Looking at the question now from this standpoint, what should the court do under the circumstances? Should it accept the opinion of the board of trustees of the town, of men selected by the people for the purpose of administering its affairs, and who deliberate and act

under a sense of duty, actuated only by a desire to do that which is best for the interests of the town and its people? Or, should it accept the statements of other equally as reputable citizens, but who are not under an official duty to the city or charged with more than individual responsibility for the proper conduct of its affairs? It seems to us that this question answers itself, and that it should accept the conclusion reached by the board of trustees in preference to the opinion expressed by the individuals, unless satisfied that their action was unreasonable and arbitrary, as it is not claimed in this case that the board of trustees was induced to take the action it did from any improper motive. We the more readily adopt this conclusion, because taking as we should for ourselves an independent view of the matter as it comes to us in the record, we cannot say that the board of trustees in ordering this tree removed acted in an arbitrary, unreasonable or capricious manner. And so aside from the fact that it obstructs the sidewalk, we are of the opinion that the board of trustees in an effort to beautify the town and improve the appearance of the street had the authority to order its removal.''

Applying this rule, we must reverse the judgment of the chancellor in the case at bar, unless the appellant's Board of Trustees acted in an arbitrary, unreasonable or capricious manner in requiring appellee to remove his trees, and in prosecuting him for his failure to do so.

In the case at bar, at least a portion of the trunks of appellee's trees projected on to the sidewalk. The precise extent of the interference, and its probable effect upon pedestrians, is not made entirely clear. There is nothing, however, in the record to show that appellant's Board of Trustees caused the warrant to issue against appellee from any improper motive, or that it acted in an arbitrary, unreasonable or capricious manner in adopting the ordinance or in prosecuting appellee thereunder; and under the broad discretion vested in the Board, not only in caring for and supervising the condition of the sidewalks, but in keeping them clean and attractive in appearance, we are of opinion the injunction should not have been granted. In the ordinary administration of a valid ordinance, the court will not substitute its judgment for the Board's judgment. It having been selected by the people for that particular service, it will not be interferred with so long as its members act

honestly and within the law. The Overstreet case is conclusive of this case.

Judgment reversed, with directions to dissolve the injunction and dismiss the petition.