## City of Louisville v. Coalter.

(Decided October 24, 1916.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Appeal and Error—When Validity of City Ordinance is Assailed Jurisdiction Attaches.—Under section 2922 of the Kentucky Statutes, providing for appeal to the circuit court from an inferior court and to the Court of Appeals from the circuit court when the validity of an ordinance is drawn in question, an appeal may be prosecuted without reference to the amount in controversy.

2. Criminal Law—Municipal Ordinance—Prosecution for Violation of Statute and Ordinance—Cannot be Joined.—The Commonwealth and a city cannot join as plaintiffs in the same warrant against a defendant and prosecute him under the same warrant for a violation of a statute and a violation of a city ordinance, and if such joinder is attempted, the court should require the prosecution to elect.

3. Criminal Law—Misjoinder—Waiver of Right to Object to.—Where the Commonwealth and a city were joined as plaintiffs in the same warrant in a police court, the defendant, if he desired an election to be made, should have made objection in seasonable time or else it will be deemed waived.

W. B. THOMAS, A. M. WALLACE and WM. H. DUFFY for appellant.

ARTHUR H. MANN and KOHN, BINGHAM, SLOSS & SPINDLE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In 1914 the Legislature passed an act to regulate plumbing in cities of the first class, and a few months thereafter the general council of the city of Louisville adopted an ordinance in conformity with the provisions of the act to regulate plumbing in the city. The act provided a penalty for any person violating its provisions, and the city ordinance likewise provided a penalty for a violation of its provisions.

After the enactment of the statute and the adoption of the ordinance, and on April 16, 1915, an affidavit was filed with the clerk of the police court of the city of Louisville charging that Charles B. Coalter was prosecuting his business as a plumber "in violation of an act of the General Assembly of the Commonwealth of Kentucky, entitled, 'An act to secure the registration of

plumbers and the supervision and inspection of plumbing and drainage in cities of the first class.' '' When this affidavit was filed the clerk of the police court issued a warrant against Coalter setting out that ''he was guilty of violating the plumbing law, contrary to the statute in such cases made and provided, and against the peace and dignity of the Commonwealth.'' On the docket of the police court the name and style of the case was ''Commonwealth of Kentucky v. Charles B. Coalter.''

When the case was called for trial in the police court the city of Louisville, by the city attorney, moved the court that it be made a party plaintiff in the prosecution, which motion was sustained, but by mistake of the clerk neither the motion of the city nor the order sustaining it was at the time entered on the records of the police court. It further appears that after this motion by the city was made and sustained and on June 14, 1915, the following order dismissing the prosecution was made and entered by the police judge: ''Commonwealth of Kentucky v. Charles B. Coalter, charged with violating the plumbing ordinance. It is ordered by the court that the warrant against Charles B. Coalter, charged with violating the plumbing ordinance, be dismissed and appeal allowed.'' After this, and on July 12, 1915, the following orders were entered in the police court:

''Commonwealth of Kentucky and City of Louisville v. Charles B. Coalter. It appearing to the court that on a trial of this action that the following motion was made, viz.: 'Comes the City of Louisville by the city attorney and moves the court to be made a party plaintiff and in support of said motion files herewith a statement of Pendleton Beckley, city attorney,' and that by mistake or misprision of the clerk of the court, said clerk failed to enter an order sustaining said motion, as was ordered by the court, it is now ordered that said motion be, and it is hereby sustained, and the City of Louisville is made a party plaintiff, and the caption and style of said action is amended so as to include the City of Louisville as a party plaintiff. And it is further ordered that this order be now entered as of the 14th day of June, 1915.''

It further appears that on the 27th day of April, 1915, an affidavit was filed with the clerk of the police court charging Coalter with violating a city ordinance regulating plumbing.

In view of these motions and orders the case will be treated as if, while the original prosecution in the name of the Commonwealth for a violation of the statute was pending, and before the judgment was rendered, the city of Louisville came into the case and asked to be and was made a party plaintiff, and the prosecution, which before that had been in the name and style of the Commonwealth, thereafter was in the name and style of the Commonwealth of Kentucky and the City of Louisville v. Coalter.

And in this connection it will be observed that the defendant, Coalter, did not save any objection or exception to the action of the police court in making the city of Louisville a party plaintiff and directing that the prosecution be in the name of the Commonwealth and the city.

When the case came to the circuit court on appeal by the city from the judgment dismissing the prosecution, the circuit court dismissed the appeal upon the ground that as the prosecution was instituted in the name of the Commonwealth for the violation of a statute, the police court had no authority to permit the city of Louisville to come into the case in the manner shown by the records of the police court and become a party plaintiff in the prosecution; and so the prosecution in the police court and the judgment therein rendered should be treated as if the prosecution had proceeded in the police court to a judgment in the name of the Commonwealth for a violation of the statute. Having reached this conclusion, the judge of the circuit court further found that although an appeal would lie to the circuit court from a judgment of the police court if the city of Louisville had been the party plaintiff and the prosecution had been for a violation of the city ordinance regulating plumbing, no appeal could be prosecuted from a prosecution in the name of the Commonwealth for a violation of the statute. The circuit court, therefore, dismissed the appeal and the city of Louisville brings the case here.

We have been furnished with elaborate briefs by counsel for both parties on the question raised as to the constitutionality of the statute, but as we have reached the conclusion that the circuit court committed error in dismissing the appeal, we will confine the opinion to this question, remanding the case so that the circuit court

may first pass on the constitutionality of the statute if the question is raised in that court.

Before, however, setting forth the reasons that influence us to believe the circuit court erred in dismissing the appeal, we will notice and dispose of the contention of counsel for Coalter that this court has no jurisdiction of the appeal by the city.

It is provided in section 2922 of the Kentucky Statutes, a part of the charter of the cities of the first class, that "Appeals shall be from the decisions of said court (police court) to the circuit court in all cases where the amount of the fine imposed is as much as twenty dollars. In cases where a fine of twenty dollars or less is imposed under an ordinance, the legality of said ordinance may be tested by the city by an appeal to the Jefferson circuit court or by the defendant by a writ of prohibition to the Jefferson circuit court, and after a decision has been rendered in the circuit court, as provided for in this section, either the city or the accused may appeal to the Court of Appeals as other cases in the circuit court are appealed." Under this statute when the validity of an ordinance is drawn in question in a case in which the city is a party, the circuit court has jurisdiction of the appeal, and an appeal may be prosecuted from the circuit court to this court, although the amount in controversy might not be sufficient either to give the circuit court jurisdiction of the appeal or this court jurisdiction of the appeal from the circuit court. This precise question was determined in Keiper v. City of Louisville, 152 Ky. 691, and City of Franklin v. Lacey, 157 Ky. 261.

As the validity of the statute under which the ordinance was enacted, as well as the validity of the ordinance itself, was directly drawn in question by Coalter, it follows that the circuit court had jurisdiction of the appeal prosecuted by the city from the police court judgment if the city of Louisville was properly a party plaintiff in the prosecution in the police court. If it was, it had the right to prosecute an appeal to the circuit court from the judgment of the police court, and this court has jurisdiction of the appeal prosecuted by the city from the judgment of the circuit court.

It will thus be seen that the real question in this case is, did the city rightfully become a party plaintiff to the prosecution in the police court? We think it did, for the reason that it does not appear from the record that

Coalter objected to the city becoming a party plaintiff or excepted to the order of the police court making it a party plaintiff. When no objection was made, the police court had the right to and did assume that the defendant consented that the city might be made a party plaintiff and that the prosecution might proceed for a violation of the ordinance and not the statute. If, however, timely objection had been made by Coalter, to the joinder or amendment, and counsel representing the Commonwealth desired that the prosecution should be in the name of the city for a violation of the ordinance and not in the name of the Commonwealth for a violation of the statute, counsel for the prosecution should have asked the court to dismiss the prosecution in the name of the Commonwealth so that a new prosecution in the name of the city might have been instituted; or, if such request was not made by counsel for the prosecution, the court should have overruled the motion to join the city as party plaintiff, and this course doubtless would have been taken if the attention of the police court had been called to the misjoinder by counsel for Coalter.

We think it very clear that the Commonwealth and the city of Louisville cannot join as plaintiffs in the same warrant against a defendant and prosecute him under the same warrant for a violation of a statute and a violation of a city ordinance. The Commonwealth could prosecute him for a violation of a statute or the city could prosecute him for a violation of an ordinance, but they could not over objection join in the same prosecution under the same warrant, and where such a misjoinder appeared the court in which the prosecution was pending should require an election, if timely motion was made.

As we look at the matter, as it has been developed by counsel for Coalter, it was a matter of indifference so far as his rights were concerned whether the prosecution was for a violation of the statute or a violation of the ordinance, because his only defense was that the statute was invalid, and of course if the statute was invalid, so was the ordinance. Consequently, he could make the only defense he desired to make in a prosecution for a violation of the ordinance as well as he could for a violation of the statute, and we are quite sure that it was because the rights of Coalter could be as well protected and his defense as fully asserted in a prosecution under the

ordinance as under the statute that his counsel did not think it worth while to raise any objection to the city being made a party plaintiff.

It is true the proceedings in the police court were somewhat irregular, because when that court permitted the city to become a party plaintiff, it should have dismissed the prosecution in the name of the Commonwealth so that it might proceed in the name of the city alone. But this irregularity was immaterial and did not, for the reasons we have set forth, in any manner prejudice the rights of the defendant; and this being so, the error will be treated as harmless under the provisions of the code in which it is set out that a judgment shall not be reversed for any errors of law unless the court is satisfied that the substantial rights of the defendant have been prejudiced thereby.

Under the circumstances shown in the record, the circuit court should have treated the proceedings in the police court as if the city, by consent of the defendant, had been substituted as plaintiff in place of the Commonwealth, and so treating it the appeal to the circuit court was allowable and that court committed error in dismissing it.

Wherefore, the judgment is reversed, with directions to the circuit court to overrule the motion to dismiss the appeal, and hear and determine the case on its merits.