## White v. Commonwealth.

(Decided June 19, 1928.)

### Appeal from Madison Circuit Court.

1. Criminal Law.—Failure to prepare and tender bill of exceptions at trial term or to obtain further time, as required by Criminal Code of Practice, sec. 282, and Civil Code of Practice, sec. 334, precludes consideration of errors which must be shown by such bill.

2. Indictment and Information.—Indictment charging defendant, in concise, unambiguous language, with crime of murder committed by killing named person with malice aforethought, is sufficient to sustain conviction of manslaughter.

O. P. JACKSON and J. P. CHENAULT for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

Appellant, Millard Pete White, when tried by a jury of the Madison circuit court under an indictment which charged him with murder, was found guilty of manslaughter, and his punishment was fixed at confinement in the penitentiary for 19 years. This appeal is prosecuted from the judgment of the court imposing that penalty upon him.

The record herein does not show that an appeal was ever prayed for or granted by the trial court. In view of the provisions of subsection 1 of section 336 of the Criminal Code of Practice, it is to be doubted if appellant's cause has any standing in this court. Waiving this question, however, the record also establishes that no bill of exceptions was offered to be filed or tendered for approval at the term of court at which appellant was tried and convicted, and at which his motion for a new trial was overruled; neither was time asked for or granted within which to tender a bill of exceptions. Section 282 of the Criminal Code provides:

"The exception shall be shown upon the record, by a bill of exceptions, prepared, settled and signed, as provided in the Code of Practice in civil cases."

Section 334 of the Civil Code, dealing with the time within which a bill of exceptions must be tendered and approved, provides:

"And time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term, to be fixed by the court."

Under these Code provisions any party to a criminal proceeding desiring to appeal from the judgment rendered against him and to present such errors as he relies upon, as are required to be shown by bill of exceptions, must prepare and tender the bill of exceptions at the trial term, if the motion and grounds for a new trial be then overruled, unless further time be granted within which to do so. Failure either to prepare and tender the bill of exceptions at that term, or to obtain further time within which to do so, makes it impossible to present to this court the errors which must be shown by a bill of exceptions, because it may be considered only when tendered and approved as the Code provides. This question was fully discussed in Blue Grass Traction Co. v. Crosdale, 143 Ky. 196, 136 S. W. 204, and numerous opinions of this court theretofore rendered were discussed therein. It was there said:

"It may be said that the principle is well settled in this court that, unless time within which to tender and file a bill of exceptions is given by an order at the term at which the motion and grounds for a new trial are overruled, the bill cannot thereafter be filed."

For this reason it necessarily follows that the motion of the commonwealth to strike the bill of exceptions from the record must be sustained.

The appeal, being presented without a bill of exceptions, leaves for consideration only the question whether the indictment is sufficient to sustain the judgment of conviction. No contention is made for appellant that the indictment is not sufficient, and none could properly be made, because it, in concise, unambiguous language, charged appellant with the crime of murder committed by killing Everett Lowery with malice aforethought.

The fact that the bill of exceptions has been stricken and could not legally be considered by this court has not served to prevent our reading the history of this tragedy

as shown by what purports to be the transcript of evidence, and we feel justified in adding to this opinion the observation that appellant has no ground for complaint at the verdict of the jury. It may well have concluded that he was guilty of murder and deserved the extreme penalty of the law.

For the reasons indicated, the judgment herein will be affirmed.

Judgment affirmed.