## Maupin v. Brachey, Judge.

(Decided June 23, 1936.)

JOHN H. CHANDLER for appellant.
THOMAS A. BALLANTINE for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

Sam Maupin is appealing from an order and judgment of the Jefferson circuit court overruling his motion for a writ of prohibition and dismissing his petition against John B. Brachey, judge of the police and ordinance court of the city of Louisville.

Without entering into details concerning all matters appearing in the record and argument by counsel,

we deem it sufficient to say that Maupin was fined the sum of $20 in the police and ordinance court of Louisville for alleged violation of a city ordinance. He prosecuted an appeal to the Jefferson circuit court, and in order to determine the validity of the ordinance by way of a petition sought a writ of prohibition against the judge of the ordinance and police court. While it does not so appear in the record, it is agreed that the chancellor to whom the cause was submitted in the circuit court refused to pass upon the questions presented on the theory that he did not have jurisdiction under section 2922 of the statute as interpreted by this court in Keiper v. City of Louisville, 151 Ky. 691, 152 S. W. 761, and Keiper v. City of Louisville, 152 Ky. 691, 154 S. W. 18. The section in question, in so far as pertinent reads:

"Appeals shall be from the decisions of said court to the circuit court in all cases where the amount of the fine imposed is as much as twenty dollars ($20.00). In cases where a fine of twenty dollars ($20.00) or less is imposed under an ordinance, the legality of said ordinance may be tested by the city by an appeal, to the Jefferson circuit court or by the defendant by a writ of prohibition to the Jefferson circuit court, and after a decision has been rendered in the circuit court, as provided for in this section, either the city or the accused may appeal to the court of appeals as other cases in the circuit court are appealed."

While in some respects the statute is somewhat confusing, it unquestionably provides for testing the validity of an ordinance where a fine of $20 or less has been imposed by way of a writ of prohibition, to the Jefferson circuit court.

The opinion in Keiper v. City of Louisville, 151 Ky. 691, 152 S. W. 761, recognized the right of the defendant fined $20 or less to proceed by way of writ of prohibition to the circuit court to test the validity of the ordinance. The effect of that decision was that there was no appeal to this court under the statute in question where the fine was $25. In 152 Ky. 691, 154 S. W. 18, 20, the case was here on rehearing. In that opinion it was said:

"that where the fine is as much as $20 the defendant's remedy is by appeal to the circuit court, and from that court to this court; and where the fine is not as much as $20 the defendant's remedy is by a writ of prohibition in the Jefferson circuit court, and by appeal from the judgment of that court to this court. * * * The statute is not clearly drawn, but upon a reconsideration of the matter we are of the opinion that it contemplates that the defendant may, either by appeal to the circuit court, or by writ of prohibition, test the validity of any ordinance; and that in either case it was contemplated that an appeal might be taken from the judgment there rendered to this court on that question."

In the first instance a motion to dismiss the appeal was sustained, but on rehearing it was overruled. Possibly when the opinions are read together, they, like the statute, may be somewhat confusing, however, as we read them they both hold that the circuit court has jurisdiction to hear and determine application for a writ of prohibition in cases of this character. If they held otherwise it would, under our construction of the statute, be our imperative duty to overrule them.

Since it is our conclusion that the court had jurisdiction, we reserve all other questions, reverse the judgment, and remand the cause for the chancellor to hear and determine the question presented.