# Commonwealth, for Use and Benefit of City of Jackson, v. Noble.

June 23, 1939.

J. Brack Howard, Judge.

384

Williams & Allen and J. P. Haney, for appellant.
Bach & Noble for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Dismissing appeal.

In 1935 the city council of Jackson, a fourth class city, enacted an ordinance levying a license tax on operators of "any motor vehicle as a public dray, or for public hire, or for commercial purposes, except as herein specified, by hauling into or out of, or unloading in the City of Jackson at the following rate per truck or vehicle." Then follows the schedule of levied rates, and a provision that the operation of a motor vehicle without license, should visit upon the operator, if convicted, a fine of from $5 to $20; each day's operation to constitute an offense. The exceptions contained in the ordinance need not be noted, since appellee did not attempt to bring himself within any one of them.

A warrant was issued against appellee, and upon trial in the police court on or prior to April 5, 1938, the court adjudged that he was "guilty" under the terms of the ordinance and fined him $15 plus $4.50 costs. On the same day he took an appeal to the Breathitt circuit court. Appellant here moved the court to dismiss the appeal, because the matter involved was not within the jurisdiction of the circuit court. This motion was overruled. Upon this ruling the parties entered into an agreed statement of facts, upon which the issue was presented to the court, and upon which trial was had.

First it was agreed that the ordinance was passed at the time above mentioned, and was in effect in 1938; that Noble was then engaged in the grocery business, owning and operating stores in Campton, Jackson and

Leatherwood; that he owned two trucks and operated them in trucking merchandise purchased from wholesale houses in Lexington and other cities to his stores. It was agreed that he did not deliver merchandise except to his own stores, and did not engage in hauling for hire; that he did not use his trucks in making retail deliveries in Jackson, but his trucks made an average of three deliveries per week to his Jackson store.

It was further agreed that Noble had refused to procure the license provided for in the ordinance, and that he was fined in the police court for such failure, as above stated. The court adjudged that appellee was "not guilty" of a violation of the ordinance, set aside the judgment of the police court and dismissed the warrant. From this judgment appellant has undertaken an appeal.

We are asked on this appeal to go to the merits of the case and determine whether or not the circuit court was in error in holding appellee "not guilty of violating the ordinance" and in dismissing the warrant, and also to determine whether the circuit court had jurisdiction to try the alleged offender.

By reference to Section 3519, Kentucky Statutes, 1936, we find that matters of appeal are therein regulated, the section fixing the right of appeal and determining the jurisdiction of this court, as well as the jurisdiction of the circuit court:

"Appeals shall be from the judgment of said court to the circuit court of the county in all cases where the fine is more than twenty dollars ($20.00). In cases where fines of twenty dollars ($20.00) or less are imposed or authorized under ordinances, the legality of such ordinances may be tested by either party by an appeal to the circuit court of the county. Where any judgment shall be rendered from the circuit court of the county, as provided for in this section, either the city or the accused may appeal to the superior court or the court of appeals."

Appellant argues that there is no appeal unless the fine inflicted is more than $20 or in case where the fine be less than $20, and the legality of the ordinance is attacked, in which latter case the ordinance may be tested by either party by appeal to the circuit court, and thence to this court.

Counsel for appellant also correctly argues that appellee was in no sense undertaking, in the first instance or by his appeals, to test the legality of the ordinance. His effort, at least in the circuit court, was to convince that court that he was not guilty, because his operation of trucks, in the manner operated, was not embraced within the terms of the ordinance, hence he was not liable for the fee.

The language, "where any judgment shall be rendered from the circuit court * * * as provided in this section, either the city or the accused may appeal to the * * * court of appeals," does not extend to this court jurisdiction to determine the involved matter, unless the fine imposed be $20 or more, or the city or the accused be endeavoring to test out the legality of the ordinance. The fact that the circuit court took jurisdiction does not amplify or extend the jurisdiction of this court.

The argument of counsel for appellant, or so much of it as is directed to the circuit court's alleged erroneous ruling on its motion to dismiss the appeal from the police court for want of jurisdiction in the circuit court, is a complete answer to his argument that we should assume jurisdiction and decide the case on its merits, or on the question of the lower court's jurisdiction.

The question of our jurisdiction is so well settled that reference to only a few cases will suffice. City of Franklin v. Lacey, 157 Ky. 261, 162 S. W. 1126, is one in which the question was determined. However, in this case the power of the city was questioned in an injunction suit, and we took jurisdiction, and for reasons shown, reversed with directions to dismiss the petition. We took jurisdiction in the Hall v. Commonwealth case, 101 Ky. 382, 41 S. W. 2, 19 Ky. Law Rep. 578, because the legality of the ordinance was properly brought into question.

The case of Keiper v. City of Louisville, 151 Ky. 691, 152 S. W. 761, 762, may be cited as bearing on the question of this court's jurisdiction in cases where special statutes are applicable. While that case dealt with an ordinance of cities of a class different from the one here, we think the reasoning therein is clear and the conclusion sound. That appeal was dismissed because of lack of jurisdiction in this court. The court

was careful to distinguish the Keiper case from Dunn v. Commonwealth, 105 Ky. 834, 49 S. W. 813, 20 Ky. Law Rep. 1649, 43 L. R. A. 701, 88 Am. St. Rep. 344, and Chapman v. Mayfield, 104 S. W. 376, 31 Ky. Law Rep. 982, on the ground that in the latter the legality of the ordinances was attacked.

A reference to City of Bowling Green v. Milliken, 257 Ky. 245, 77 S. W. (2d) 777, will clearly demonstrate to counsel for appellant the method of procedure, where a case like the instant one is presented. See also notes under Prohibition, Kentucky Digest, Vol. 16. It is also suggested that counsel for both parties refer to Kroger Grocery & Baking Company v. City of Lancaster, 276 Ky. 585, 124 S. W. (2d) 745, which case was not mentioned in the briefs.

On the sole ground that this court does not have jurisdiction of the subject matter involved the appeal is dismissed.