## Buccere v. City of Madisonville.
Feb. 27, 1942.

L. B. Weir for appellant.
Frank D. Berry for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellant was convicted in the City Court of Madisonville and fined $25 for peddling without a license in violation of a city ordinance. On appeal to the Circuit Court he was fined $10. He has appealed to this Court, asserting that we have jurisdiction by virtue of Kentucky Statute, Section 3519 relating to fourth class municipalities, which, in part, provides that where fines of $20 or less are imposed or authorized under ordinances, the legality of such ordinances may be tested by successive appeals to the Circuit Court and the Court of Appeals.

The license required is obtainable by any person upon the payment of a reasonable fee, and the ordinance is not open to the charge that it vests arbitrary power in any person or persons to grant or withhold the license. On the contrary, it provides that the license ''shall be issued upon written or verbal application.'' Its constitutionality is not attacked because of any requirement contained therein; and appellant's real complaint is that since he was actually engaged, when arrested, in selling magazines or papers advocating the tenets of a religious sect of which he was a member, he was not subject to the requirements of the ordinance, and his arrest and prosecution thereunder were in violation of the rights secured to him by the Fourteenth Amendment to the Federal Constitution as construed by the Supreme Court in the cases of Grosjean v. American Press Co. et al., 297 U. S. 233, 56 S. Ct. 444, 80 L. Ed. 660; Lovell v. City of Griffin, Georgia, 303 U. S. 444, 58 S. Ct. 666, 82 L. Ed. 949; Schneider v. State of New Jersey et al. and three other cases, 308 U. S. 147, 60 S. Ct. 146, 84 L. Ed. 155; Cantwell et al. v. State of Connecticut, 310 U. S. 296, 60 S. Ct. 900, 84 L. Ed. 1213, 128 A. L. R. 1352. Accordingly, we would be justified in declining to take jurisdiction, since the purpose of the appeal is not to test the legality of the ordinance, but its applicability to appellant. Commonwealth for the use and benefit of City of Jackson v. Noble, 279 Ky. 383, 130 S. W. (2d) 790.

In any event we are precluded from considering appellant's guilt or innocence or any of the facts indicating his immunity from the operation of the ordinance, since they are not disclosed otherwise than in narrative form by a Bill of Exceptions which was not filed at the term of the Circuit Court at which appellant's motion for a new trial was overruled.

Based upon the provisions of Section 334, Civil Code of Practice and Section 282, Criminal Code of Practice, it has long been the rule in this jurisdiction that, unless the time therefor is extended by the Trial Court to a day in the succeeding term or vacation, a bill of exceptions must be filed during the term at which the motion for a new trial is denied in order to be considered by the Court of Appeals. White v. Commonwealth, 225 Ky. 153, 7 S. W. (2d) 1059. In the case at Bar no extension was asked or granted. It may be added that Kentucky Statutes, Section 1016, granting sixty days for the preparation and presentation of bills of exceptions in courts of continuous session has no application to the Hopkins Circuit Court which is a court of specified and limited terms, and hence, appellant's contention that he had sixty days, in any event, in which to tender a bill of exceptions, is wholly without merit.

The appellee has moved this Court to strike the purported bill of exceptions from the record, and we have no alternative but to sustain the motion. Thus denuded, the record discloses nothing which indicates that appellant's conviction was improper.

Judgment affirmed.