# Titsworth v. Commonwealth.

Dec. 12, 1944.

Roy G. Garrison for appellant.

Eldon S. Dummit, Attorney General, and Marvin J. Sternberg, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Under an indictment charging him with wilful murder, Eugene Titsworth was convicted of voluntary manslaughter and sentenced to imprisonment for a term of 18 years. The indictment charged that the accused "did willfully, unlawfully, feloniously and maliciously and of his malice aforethought kill, slay and murder William Crotzer by striking, beating and wounding the said William Crotzer on the head, body, arms, limbs and person with a ballast fork, same being a large, heavy iron fork with wooden handle, a better description of which is to the grand jurors unknown, same being a blunt instrument and a deadly weapon."

The facts leading up to the killing are stated as follows in appellant's brief:

"Mr. Will Crotzer, a white man, was section foreman for the Illinois Central Railroad Company, at a small station known as Maxon Mills or West Paducah, about eight miles from Paducah in McCracken County, Kentucky. He had held that position about 30 years.

"On October 11th, 1943, Mr. Crotzer was working a section crew of five men, Ed Crotzer, his brother, Leslie Myers, Gabe Bacon, Andrew (Buddy) Waldon and Eugene Titsworth, the first two were white men and the last three were colored men.

"On the morning of that day between 10:00 o'clock and 11:00 o'clock, while all of the crew and the foreman, Will Crotzer, were raising steel rails on the railroad and placing new crossties under them and making them secure or solid by tamping limestone ballast or slag under them with ballast forks, the foreman, Will Crotzer seemed to think that the appellant, Eugene Titsworth, a colored boy, was slow in his work and, the witness said 'He told Gene to go back and take Myers' place that he had been slow and he wanted to move up on their side and for Myers to come up and take his place,' he says 'You have been slow all the morning, go home, I don't need you, Uncle Sam needs you worse than I do.' It was testified by some witnesses that Gene said, 'Yes and Goddam you, he needs you too.'"

Two grounds for reversal of the judgment are discussed in appellant's brief: (1) Failure of the court to instruct on involuntary manslaughter; and (2) no member of the negro race was on the grand jury which indicted him or the petit jury panel at the term at which he was tried.

The Commonwealth has moved to strike the bill of exceptions for the reason that it was not filed in the McCracken circuit court at the same term of court at which the judgment was rendered nor was any extension of time granted beyond the term in which to file it. The motion has been passed to the merits. The verdict was rendered April 12, 1944, the motion and grounds for a new trial was overruled May 1, 1944, and the judgment was rendered on May 2, 1944, which was the 20th day of the extended April term. On May 23, 1944, the 14th day of the May term of the McCracken circuit court, an order filing the bill of exceptions and transcript of the evidence was entered. The motion and

grounds for a new trial was overruled at the trial term, and the defendant failed to prepare and tender his bill of exceptions at that term or to move for an extension of time to a day in the succeeding term as required by section 282 of the Criminal Code and section 334 of the Civil Code. It follows that the motion to strike the bill of exceptions must be and it is sustained. Buccere v. City of Madisonville, 289 Ky. 667, 159 S. W. 2d 1005; White v. Com., 225 Ky. 153, 7 S. W. 2d 1059.

It is argued that the judgment sentencing appellant is void and that the case should be sent back to the circuit court in order that he may be legally sentenced, and that he may then prepare and tender his bill of exceptions. This argument is based on the theory that the extension of the April term of court was void because the order extending the term failed to show a jurisdictional reason or necessity for the extension. In Banks v. Com., 145 Ky. 800, 141 S. W. 380, an order extending a term of court similar to the order in the present case was held to be valid. The instructions given by the court do not appear in the clerk's transcript of the record but only in the offered bill of exceptions, and, consequently, cannot be considered. However, assuming that the evidence introduced on the trial is correctly stated in appellant's brief, the court did not err in failing to give an instruction on involuntary manslaughter. Appellant admitted that he struck the deceased on the head with a ballast fork, clearly a deadly weapon, and as said in Mulding v. Com., 172 Ky. 370, 189, S. W. 251, 254, quoting York v. Com., 82 Ky. 360, 6 Ky. Law Rep. 334: " 'One must be presumed to intend the consequences of an act, reckless in its character of human life, and committed under circumstances calculated to endanger it. If death results, it cannot be properly said either that it was an involuntary homicide or a killing per infortunium.' " To the same effect is Hunt v. Com., 289 Ky. 527, 159 S. W. 2d 23.

The facts and rulings of the court on which appellant bases his second ground for reversal appear in the clerk's transcript of the record, and that question is before us. In support of his motion and grounds for a new trial appellant filed several affidavits which tended to show that it had been the systematic custom in McCracken county to exclude members of the negro race from the jury lists, and it is argued that this constituted

a denial of the equal protection of the laws guaranteed to appellant by the Fourteenth Amendment to the Federal Constitution. Appellant was indicted on January 5, 1944, and the case was set for trial on January 12, 1944. On that day appellant made a motion for a continuance which was sustained, and the case was continued to and set for trial on April 12, 1944, the 3rd day of the April term of court. On April 12 a demurrer to the indictment was filed and overruled, and the trial proceeded. No question as to the alleged irregularity of the grand jury or petit jury was raised until the motion and grounds for a new trial was filed. It is argued that the question was raised in time and that appellant did not waive his rights in the premises by failing to move to quash the indictment or to take other prompt steps to raise the question. This precise question was before us in Richardson v. Com., 284 Ky. 319, 144 S. W. 2d 492, and was answered adversely to appellant's contention.

The judgment is affirmed.