CASE 16—FORCIBLE ENTRY—DECEMBER 16.

2mc425
95  172

2mc425
.f132  227

# Vandever vs. Griffith.

APPEAL FROM M'LEAN CIRCUIT COURT.

1. The court of appeals cannot correct errors alleged to have been committed by the circuit court in giving or refusing instructions upon a state of case said to be made by the evidence, without being assured, by a proper bill of exceptions, that it has before it all of the evidence heard upon the trial.

2. A party excepting to the decision of the court must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the succeeding term. (*Civil Code, sec.* 364.) The order allowing the time must be made at the time the exception was taken; and the records of that term must show that the exception was taken at the time the decision was made, and that time was *then* given to reduce the exception to writing.

3. A trial was had September term, 1858, verdict and judgment rendered, grounds for new trial filed, and motion made thereon and overruled, but no order allowing time to reduce to writing and file exceptions. At the next term is an entry that "the parties came by their attorneys, *and it appearing* that at the trial of this cause, at the last term of this court, the court allowed defendants time to prepare a statement and bill of exceptions, which being now presented are ordered to be entered as part of this record *nunc pro tunc.*" *Held*—That the bill of exceptions was not in accordance with law, and could not be regarded as part of the record.

T. A. MARSHALL for appellant.

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

This court cannot properly revise the judgment of the circuit court, and attempt to correct what are alleged to be errors in the record committed by the court in giving or refusing instructions upon a state of case said to be made by the evidence, without being assured, by a proper bill of exceptions, that it has before it all of the evidence heard upon the trial. It is true the record, as presented to the court, contains what purports to be a bill of exceptions, in which the evidence is "spread," or written out. But we think, as was thought by this court in *Freeman vs. Brenham*, (17 *B. Mon.*, 607,) the first question to be settled is, "will this court revise a case presented with a bill of exceptions made out as was the one in this record?"

By section 364 of the Civil Code, "the party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not

beyond the succeeding term." "Time may be given to reduce
the exception to writing." But *when* must the time be given?
When shall the court make the order allowing the time?
Surely, at the time the exception was taken. The records of
that term must show that the exception was taken at the time
the decision was made, and that time was *then* given to reduce
the exception to writing.

In the case now before us, the trial was had at the Septem-
ber term, 1858. There were at that time a verdict and judg-
ment, grounds for a new trial filed, and a motion made thereon,
and the motion overruled. But there is no order allowing time
to reduce to writing and file exceptions.

At the next March term, we find a statement that "the par-
ties came by their attorneys, *and it appearing* that at the trial
of this cause at the last term of this court, the court allowed
defendants time to prepare a statement and bill of exceptions."

Now, how did this appear? Was it from the memory of the
judge, or a suggestion of one of the attorneys, or of one of the
parties, or a statement by a by-stander? It does not appear
from the record. There is no trace of any such thing there.

Are circuit courts to be allowed to act, in matters of the
gravest importance to litigants and the community generally,
and where there are plain rules of law written for their guid-
ance and control, upon *appearances* so unreliable and uncertain
as were acted upon in this case? Certainly it cannot be
allowed. If so, the rights of litigants in the matter of making
out and filing bills of exceptions will no longer be secure.

In the same entry upon which we are commenting, it is
further said, "which (*i. e.* the statement of the evidence and
bill of exceptions) being now presented, are ordered to be
entered as part of this record *nunc pro tunc*." This does not
purport to be an entry, *nunc pro tunc*, of the order giving time,
etc. To this day no such order has been entered. The order
is, that the statement of evidence and bill of exceptions be
entered, etc. And we apprehend that such an order could not
have been properly and rightfully entered by the court at a
subsequent term, after the cause had been terminated by a final
judgment, and motion for a new trial made, and that motion
overruled. The case was ended and completely out of court.

There was nothing in the record to amend by; nothing to give an intimation that such an order had ever been made. In such case, no amendment or entry of an order now for then could be made. (2 *Bibb*, 7, *and same book*, *p*. 248.)

It would be a most unsafe and dangerous practice to regard a bill of exceptions placed upon the record, as this one was, without the authority of law, and, indeed, in violation of the express provision of the law. The danger is illustrated forcibly in this very case. The statement made in the bill signed by the judge of what occurred upon the trial, in regard to giving and refusing instructions, is materially variant from the statement made of the same matter in the final order made at the September term, 1858. The variance will be readily seen upon a comparison of the two.

It seems to us impossible to come to any other decision, than that this court cannot revise a judgment with a bill of exceptions made out and filed as this one was. There is no alternative left.

Wherefore, the judgment of the circuit court *is affirmed.*