## Commonwealth v. Abele.

(Decided November 11, 1914.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Criminal Law—Indictment—Conversion.—Where one is indicted
under section 1358a of the Kentucky Statutes for converting to his
own use the money of another, the test of the conversion is the
ownership of the money by the other person.

2. Criminal Law—When Insurance Agent Not Guilty of Converting
Money to Own Use.—Where one life insurance agent placed the
business of another life insurance agent in the companies repre-
sented by the first agent, and delivered the policies to the second
agent, who was charged with the premiums therefor upon the
books of the first agent, and the second agent dealt directly with
his clients, charging them with the premiums upon his own
books, the second agent was not guilty of converting to his own
use the money of the first agent when he collected the premiums
and failed to pay them to the first agent, the relation between
them being that of creditor and debtor only.

JAMES GARNETT, Attorney General, and R. G. WILLIAMS, Com-
monwealth's Attorney, for appellant.

F. W. SCHMITZ for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellee, Henry M. Abele, was indicted under
Section 1358a of the Kentucky Statutes, for having un-
lawfully converted to his own use $310.25, the property
of Ed E. Walker & Co.; and, the trial court having
directed the jury to find the defendant not guilty, the
Commonwealth appeals.

The facts are as follows:

Appellee and his father, M. Abele, constituted the
firm of M. Abele & Co., fire insurance agents in Coving-
ton; and Ed. E. Walker & Co. were engaged in a like
business in that city.

In the Spring of 1913, the several companies for
which M. Abele & Co. acted as agent, quit doing business
in Kentucky, thus leaving M. Abele & Co. without any
companies in which they could place their business. They
made an arrangement, usual between fire insurance
agents, by which Ed. E. Walker & Co. agreed to take
care of the business of M. Abele & Co., by issuing policies
to cover the risks of the clients of M. Abele & Co.

In this way, whenever M. Abele & Co. would procure a risk they would report it to Ed. E. Walker & Co., and the latter firm would issue the policy and deliver it to M. Abele & Co.; and M. Abele & Co. would then deliver it, as their own business, to the property owner. In this way, Ed. E. Walker & Co. in no way appeared in the transaction between M. Abele & Co. and their customer. Ed. E. Walker & Co. would charge the account of M. Abele & Co. with the premium, and M. Abele & Co. would, in turn, charge their customer with the premium upon their own books, and send out bills therefor, in the usual way. In this way, it will be seen that the customer of M. Abele & Co. dealt directly and only with that firm; he had no connection or dealings whatever with Ed. E. Walker & Co.

Furthermore, it appeared from the evidence of Ed. E. Walker that M. Abele & Co. were to receive a commission upon all business thus placed by them; that the policies were written by Ed. E. Walker & Co. for M. Abele & Co.; that at the end of each month Walker & Co. sent a statement to M. Abele & Co. for premiums on policies written for them during the month; that Ed. E. Walker & Co. sent no bills for insurance written by M. Abele & Co. to anybody but M. Abele & Co.; and if any money collected by them on the policies written for them had been lost, or was not collectable, the loss fell upon M. Abele & Co. It made no difference, under the arrangement between the two firms, whether M. Abele & Co. ever collected the premiums from the parties from whom they obtained the insurance; they were indebted to Walker & Co. for the amount of these premiums, in any event.

In this way Ed. E. Walker & Co. issued ten policies of insurance to and for M. Abele & Co., the premiums thereon aggregating $310.25. Henry M. Abele collected these premiums, but failed to turn over any part thereof to Ed. E. Walker & Co.

Under this evidence the circuit judge was of opinion that the relation between the firm of M. Abele & Co. and Ed. E. Walker & Co. was that of debtor and creditor only, and that the money paid to M. Abele & Co. by their customers as premiums upon insurance policies obtained from them, was the money of M. Abele & Co., and could not have been embezzled by Henry M. Abele since his firm was not the agent of Ed. E. Walker & Co.

We are of opinion the trial court took the proper view of the case. Under the contract Ed. E. Walker & Co. sold insurance to M. Abele & Co., and charged them for it, thereby raising the relation between them of creditor and debtor. In collecting the premiums M. Abele & Co. acted in their own name and for themselves; they did not, in any way, act for Ed. E. Walker & Co. Ed. E. Walker & Co. had no ownership in the money collected as premiums, and could not have collected it, by suit, from the clients of M. Abele & Co.; and ownership being the test by which the conversion is to be determined, it follows there was no conversion in this case.

Judgment affirmed.