## Williams v. Howard.

## Huff v. Howard.

(Decided October 11, 1921.)

## Appeals from Harlan Circuit Court.

Elections—Primary Election Contest—Sufficiency of Notice to Confer Jurisdiction.—A notice contesting a nomination in a primary election is sufficient to confer jurisdiction where it shows a clear purpose to contest, sets forth grounds of contest and notifies the contestee when and where to appear and defend the contest, even though it further notifies him that contestant had filed a suit in the circuit court contesting the nomination.

JOHN D. CARROLL, HALL, JONES & LEE for B. M. Williams.

ZEB A. STEWART for W. C. L. Huff

J. S. FORESTER and N. R. PATTERSON for M. W. Howard.

OPINION OF THE COURT BY JUDGE CLAY—Reversing in each case.

These two appeals involve the same question and will be considered in one opinion. B. M. Williams, W. C. L.

Huff and M. W. Howard were candidates at the August primary for nomination by the Republican party for the office of county judge, and Howard was awarded the certificate of election. Thereupon Williams and Huff each filed a separate suit against Howard in the Harlan circuit court contesting Howard's election, and in addition thereto, each of them had served upon Howard, within the time required by the statute, a notice of contest. To each proceeding the circuit court sustained a special demurrer on the ground that the notice of contest was not sufficient to confer jurisdiction and entered judgment dismissing the proceeding. The contestants appeal.

The material parts of Williams' notice of contest are as follows:

"The contestee, M. W. Howard, will take notice that the contestant, B. M. Williams, has this day filed in the office of the clerk of the Harlan circuit court his petition in equity, by which petition he contests the right of the contestee, M. W. Howard, to the Republican nomination for the office of county judge of Harlan county, to be voted for at the regular November election, 1921, and his grounds of contest, as set forth in said petition, are as follows:" (Then follows a statement setting forth Williams' candidacy and qualifications for the office, and numerous grounds of contest.)

The notice concludes as follows:

"And the contestee is warned and required to answer and defend such contest at the temporary circuit court clerk's office and now being used as the clerk's office of the Harlan circuit court on North First street (formerly used as the office of the American Railway Express Company opposite First State Bank) in the city of Harlan, Kentucky, on August 18th, 1921.

"This August 13th, 1921. B. M. Williams, contestant."

The material parts of Huff's notice of contest are as follows:

"The contestee, M. W. Howard, will take notice that the contestant, W. C. L. Huff, has this day filed in the office of the clerk of the Harlan circuit court his petition in equity, a copy of which is attached hereto, and by which petition he contests the right of the contestee, M. W. Howard, to the Republican nomination for the office of county judge of Harlan county, Kentucky, to be voted for at the regular November election, 1921, and in which he challenges and contests the right of the contestee to the

Republican nomination of the Republican party for said office of county judge at the primary election held in Harlan county, Kentucky, on August 6th, 1921, and contests and challenges the right of the contestee to the certificate of nomination issued and awarded to him by the county board of election commissioners of Harlan county, Kentucky, August 9th, 1921, and filed by contestee in the office of the clerk of the Harlan county court, upon the grounds that the contestee." (Then follow the grounds of contest.)

The notice concludes as follows:

"The contestee is warned and required to answer and defend such contest at the temporary circuit court clerk's office, and now being used as the clerk's office of the Harlan circuit court on North First street (formerly used as the office of the American Railway Express Company, opposite the First State Bank) in the city of Harlan, Kentucky, on Wednesday, August 7th, 1921."

Subsection 28, section 1550, Kentucky Statutes, provides the following methods for contesting nominations:

"Any candidate wishing to contest the nomination of any other candidate who was voted for at any primary election held under this act shall give notice in writing to the person whose nomination he intends to contest, stating the grounds of such contest, within five days from the time the election commissioners shall have awarded the certificate of nomination to such candidate whose nomination is contested. Said notice shall be served in the same manner as a summons from the circuit court, and shall warn the contestee of the time and place, when and where the contestee shall be required to answer and defend such contest, which shall not be less than three nor more than ten days after the service thereof. Such contest shall be tried by the judge of the circuit court of the county in which the contestee resides or is served. Upon return of said notice properly executed as herein provided, to the office of the circuit clerk of the county in which said contestee resides or is served with such notice of contest, it shall be the duty of the clerk of the circuit court to immediately docket said cause and to immediately notify the presiding judge of the circuit court of said county that such contest has been instituted."

The argument in support of the trial court's ruling is as follows: The method of contesting nominations is

exclusive. The only way to begin the proceedings is to serve the notice of contest within the required time and have it returned to the office of the proper circuit clerk, who will then docket the cause. There is no authority whatever for filing a contest suit. The notices in question did not advise the contestee that the contestants proposed to contest his nomination by the notices served, but merely apprised the contestee that they had filed unauthorized suits in the clerk's office, and warned him to appear and defend those suits and not the contests instituted by the notices. For these reasons it is insisted that the notices were insufficient to confer jurisdiction. It is apparent from the records that the contestants were in doubt as to the proper procedure, and adopted both methods in order to avoid any mistake. Of course, if it be determined that the notices themselves are sufficient, then contestants' rights should not be prejudiced by the mere fact that they did something else that was unnecessary and unauthorized. It may be conceded that if the grounds of contest had not been set out in the notices, and it was necessary for the contestee to resort to the suits before he could ascertain what the grounds of contest were, there might be some merit in the contention that the notices were not sufficient. However, no such case is presented. The notices themselves show a clear purpose to contest the nomination. They set forth the grounds of contest and notify the contestee when and where to appear and defend the contests. Giving the notices a liberal construction, as we must do under the settled rules of this court in view of the fact that the proceedings for contesting nominations are hurriedly instituted, and are therefore of an informal character, we conclude that the notices were sufficient to inform the contestee that his nomination for county judge was being contested upon certain designated grounds, and that it was necessary for him to appear on or before a certain day in the Harlan circuit court clerk's office, and defend the contests. It follows that the circuit court erred in dismissing the proceedings for want of jurisdiction.

The judgment in each case is reversed and cause remanded for proceedings consistent with this opinion.

Judge Sampson not sitting.