## Life and Casualty Company of Tennessee v. Hendon.

(Decided June 19, 1925.)

### Appeal from McCracken Circuit Court.

1. Appeal and Error—Ordinarily Bill of Exceptions Will Not be Considered if Filed After Expiration of Time Therefor.—Bill of exceptions filed at succeeding term after time given to prepare and file exceptions had expired, without request or grant of an extension, will ordinarily not be considered.

2. Exceptions, Bill of—Tender of Bill of Exceptions Not Effective Without Order of Court Showing It.—In absence of minute or order of court showing tender of bill of exceptions, there can be no effective tender.

3. Insurance—Evidence as to Illness of Insured at Time of Taking Policy for Jury.—Where insurance policy contained clause requiring insured to be in good health at time of issuance of policy, evidence as to whether condition had been complied with held for jury.

L. B. ALEXANDER for appellant.

JOHN W. EGESTER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee, Elizabeth Hendon, was the beneficiary in a policy of insurance issued by the appellant, Life & Casualty Company of Tennessee, on February 19, 1923. to her husband, Gentry Hendon, the principal sum in the policy being $240.00, payable on the death of the insured, Gentry Hendon. He died June 2, 1923. The premiums which were due weekly had all been paid. Appellee, Elizabeth Hendon, furnished proof of the death, but the company denied liability, hence this suit. In its answer appellant company relied upon this clause in the policy in avoidance of liability: "No obligation is assumed by

the company prior to the date hereof, nor unless on said date the insured is alive and in sound health.'' It is the contention of appellant company that the insured, Gentry Hendon, was not in sound health at the time of the issual of the policy, February 19, 1923, and that he died of tuberculosis, a disease from which he was suffering at the time of the issual of the policy, in consequence of which it is not liable.

The trial court directed a verdict for the beneficiary at the conclusion of the evidence and it is from a judgment entered upon that directed verdict that this appeal is prosecuted. There have been two trials of the case. On the first trial the case was submitted to a jury which returned a verdict against appellee, Hendon. Appellant company objected to the motion of appellee, Hendon, for a new trial made after the first verdict was rendered, and, when its objections were overruled and new trial granted it duly excepted, prayed an appeal and made up its bill of exceptions. It now insists that the court was in error in granting a new trial and that the present judgment should be set aside and the first judgment entered in lieu thereof. It also contends that the trial court was in error in directing the jury at the conclusion of the evidence to find and return a verdict for appellee, Hendon.

As to its first contention we are in doubt. The bill of exceptions presenting the record of what took place at the first trial was not filed within the time allowed by the court, nor until the succeeding term. When the motion for new trial was sustained time was granted appellant to and including the thirty-sixth day of the term in which to prepare and file bill of exceptions. That time expired without the bill being filed and without further time having been asked or granted. The bill was filed at the succeeding term, but this was too late. We have adopted a rule to strike or disregard bills filed after the time for filing has expired. Bailey v. Villier. 69 Ky. 27; Downing v. Bacon, 70 Ky. 680; Early v. Sutton, 24 R. 2381. If it should be contended that the bill was tendered within the time, it will be sufficient to say in answer that no tender was made; at least no minute or order of court showing such tender accompanies the record, and without such order there can be no effective tender. Phillips v. Beattyville Mineral & Timber Co., 30 R. 1102; Early v. Sutton, 24 R. 2381; Vanderver v.

Griffith, 59 Ky. 425; Miller's Appellate Practice, sections 68 and 69.

We are persuaded that the trial court erred in peremptorily instructing the jury to find and return a verdict for the beneficiary named in the policy. The question was whether Gentry Hendon, the insured, was in sound health at the time the policy was issued to him, February 19, 1923. His wife, the beneficiary, testified in substance that he had been sick before that time and that he was able to go about and was intending to go to work, but she did not say he was in sound health. However, she testified to facts which indicated he was in sound health. On the other hand, it is shown by evidence that Gentry Hendon had, before taking out this policy, carried a policy of like terms with another company and that he had been receiving sick benefits from the other company up to the week before he took out the policy in this company. It is also shown that while he was a laboring man he had not been engaged in work for some time, and that he had been abed a part of the time along about the time the policy was taken out. In fact, he had not worked for some weeks before the issual of this policy, but when the agent who wrote the policy went to his house to deliver it, insured came to the door to receive the contract and appeared to have been in bed. The doctor also testified that when he was called to see Gentry Hendon, a short time before his death he received from him a history of his case, the relevant part of which was to the effect that he had been sick since November, antedating the policy. He also stated that Hendon, the insured, was afflicted with and died of tuberculosis. These facts serve, at least, to make an issue of fact on the question of whether the insured was in sound health at the time of the issual of the policy on February 19, 1923. The question should have been submitted to the jury. The court erred to the prejudice of appellant company in directing a verdict for appellee, Elizabeth Hendon. Motion for appeal sustained and appeal granted.

Judgment reversed for new trial consistent with this opinion.