## Hall v. Bryant.

(Decided September 29, 1925.)

### Appeal from Shelby Circuit Court.

1. Elections—Losing Candidate for Party Nomination for Office Has no Inherent Right to Contest Successful Nomination.—Losing candidate for party's nomination for office has no inherent right to contest successful candidate's nomination, but such right is granted by Ky. Stats., section 1550-28.

2. Elections—Notice of Contest of Party Nomination Held Insufficient.—Under Ky. Stats., section 1550-28, relating to contests of nomination as candidate at primary election, written notice served on successful candidate must state grounds of contest and warn him of time and place when he must answer and defend, and notice of contest failing to specify grounds, but designating time and place of hearing, combined with petition containing grounds

of contest, but not specifying time and place thereof was insufficient notice in view of fact that neither paper referred to the other.

JOHN S. CARROLL and CHAS. H. SANFORD for appellant.

H. B. KINSOLVING, JR., and EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

Appellant, Alonza L. Hall, and appellee, Ben H. Bryant, were rival candidates for the Democratic nomination for the office of jailer of Shelby county, Kentucky, at the primary election held August 1, 1925. Bryant was awarded the certificate of nomination. Within the time fixed by subsection 28 of section 1550, Kentucky Statutes, appellant undertook to institute contest against appellee contesting the nomination. To set the contest in motion appellant had the following notice served upon appellee:

"SHELBY CIRCUIT COURT.

Alonzo L. Hall ................................................................Contestant

vs.

Ben H. Bryant ................................................................Contestee

NOTICE AND GROUNDS OF CONTEST.

"The contestee, Ben H. Bryant, is notified to appear at the office of the clerk of the Shelby circuit court at ten o'clock a. m., Friday, August 14th, 1925, to make answer to the grounds of contest herewith commenced against him by Alonzo L. Hall and to show cause why the said Alonzo L. Hall should not be declared the jailer nominated at the Democratic primary held in said county on August 1, 1925."

The notice was not signed by anyone. Before the notice was served contestant's attorney had prepared for him what we may call a petition which aptly pleaded grounds of contest. It was captioned as any petition would be for use in the Shelby circuit court, except that the parties were denominated "contestant" and "contestee," respectively, and nothing in the caption indicated what the document was. It was not styled either "petition" or "grounds of contest" or anything else. It

was signed by contestant's attorneys. From the sheriff's return endorsed on the notice quoted, *supra,* we gather that it, together with a copy of the other document described above, was delivered to appellee or contestee on August 8, 1925, within the time allowed by the statute. At the time fixed in the notice above and at the place therein specified appellee, without entering his appearance, moved the court to quash the notice and return, and interposed a special demurrer to the jurisdiction of the court because of the insufficiency of the notice. Thereupon the contestant moved the court to permit him to amend the notice and grounds of contest by signing and certifying same. Upon consideration the trial court held the notice served to be insufficient and void, and, as the time within which a contest might have been instituted had passed, dismissed appellant's proceedings and awarded contestee a judgment for costs. This appeal has been prosecuted by contestant and involves the questions indicated above.

That portion of subsection 28 of section 1550, Kentucky Statutes, pertinent to the quesions involved here reads:

> "Any candidate wishing to contest the nomination of any other candidate who was voted for at any primary election held under this act shall give notice in writing to the person whose nomination he intends to contest, stating the grounds of such contest, within five days from the time the election commissioners shall have awarded the certificate of nomination to such candidate whose nomination is contested. Said notice shall be served in the same manner as a summons from the circuit court, and shall warn the contestee of the time and place, when and where the contestee shall be required to answer and defend such contest, which shall not be less than three nor more than ten days after the service thereof. Such contest shall be tried by the judge of the circuit court of the county in which the contestee resides or is served. Upon return of said notice properly executed as herein provided, to the office of the circuit clerk of the county in which said contestee resides or is served with such notice of contest, it shall be the duty of the clerk of the circuit court to immediately docket said cause and to immediately notify the presiding judge of the circuit court of said county that such contest has been instituted."

A losing candidate for a party's nomination for office has no inherent right to contest the successful candidate's nomination. The right is granted by the statute above and a valid contest may be instituted only in compliance with the terms of the statute authorizing it. The statute is plain and unambiguous in its provisions as to what a defeated candidate must do who desires to contest the nomination of the successful candidate. The special proceeding by which a losing candidate contests the nomination of the successful candidate is begun by the losing candidate giving notice in writing to the successful one, stating the grounds of contest and warning the contestee of the time and place, when and where the contestee is required to answer and defend the contest. That notice is required to be served in the same manner as summonses from the circuit court are required to be served. When the notice has been properly executed it is returned to the office of the circuit court clerk of the county in which the contestee resides or in which he is served with notice of contest. The clerk thereupon dockets the cause and notifies the presiding judge of the circuit court of the county that the contest has been instituted. It will be observed that the notice in writing to be served upon the contestee is both petition and process. It is required to set forth both the grounds of contest and to notify the defendant of the time when and place where he is required to answer and defend the contest.

Bearing these requirements of the statute in mind and applying them to the facts disclosed by this record it appears that an unsigned notice was served on contestee which warned him of the time when and place where he should answer and defend the contest, but which did not contain the grounds of contest. At the same time another document which set forth well pleaded grounds of contest which was signed by contestant's attorneys, was delivered by the sheriff to the contestee, which, however, did not notify him of the time and place to defend. It is insisted for appellant that the two papers together were sufficient notice within the statute, *supra*. However, we find that neither of the writings, copies of which were delivered to contestee, makes any reference whatever to the other. By reading a copy of the notice of contest served on him appellee had no way of knowing that anything else was required of him than the notice disclosed. It made no reference to the other paper, a copy of which was delivered to him at the same time, to inform him that

the other paper was a part of the notice or that it was necessary for him to give it any attention. The statute requires that the notice of contest shall not only warn the contestee of the time and place, when and where he is required to answer and defend, but also that it shall state the grounds of contest.

This question was considered in Williams v. Howard, 192 Ky. 395. In that case the contestant appears to have been in doubt as to the proper procedure, and, in order to be certain that he was right one way or the other, he instituted an action by filing a petition in the circuit court contesting the election and having summons issue thereon, and also by serving upon the contestee notice of contest. That notice of contest warned the contestee of the time when and place where he should answer and defend, and also set forth specifically contestant's grounds of contest. The pertinent part of the opinion reads:

> "It is apparent from the records that the contestants were in doubt as to the proper procedure, and adopted both methods in order to avoid any mistake. Of course, if it be determined that the notices themselves are sufficient, then contestants' rights should not be prejudiced by the mere fact that they did something else that was unnecessary and unauthorized. It may be conceded that if the grounds of contest had not been set out in the notices, and it was necessary for the contestee to resort to the suits before he could ascertain what the grounds of contest were, there might be some merit in the contention that the notices were not sufficient. However, no such case is presented. The notices show a clear purpose to contest the nomination. They set forth the grounds of contest and notify contestee when and where to appear and defend the contests. Giving the notices a liberal construction, as we must do under the settled rules of this court in view of the fact that the proceedings for contesting nominations are hurriedly instituted, and are therefore of an informal character, we conclude that the notices were sufficient to inform the contestee that his nomination for county judge was being contested upon certain designated grounds, and that it was necessary for him to appear on or before a certain day in the Harlan circuit court clerk's office, and defend the contests."

In the case now before us the written notice notified the contestee to appear at a certain time and place "to make answer to the grounds of contest herewith commenced against him by Alonzo L. Hall, and to show cause why said Alonzo L. Hall should not be declared the jailer nominated at the Democratic primary held in said county on August 1, 1925." The grounds of contest were not set forth in the notice and it made no reference to the paper, a copy of which was delivered to the contestee at the same time, by which he could be informed that he must consider it as a part of the notice or that it was necessary for him to consider it at all. The statute in simple language requires that the written notice must state the grounds of contest and warn the contestee the time when and place where he must answer and defend. In that the notice served on appellee herein failed to comply with these simple requirements in the particular hereinbefore pointed out, the court is of the opinion that the trial court properly sustained appellee's motion to quash the notice and return.

It is further insisted for appellee that the trial court properly sustained his motion to quash the notice and return because it was not signed by appellant. Since, however, the court has concluded that for the reason above set forth the notice and return were properly quashed on appellee's motion, we deem it unnecessary to discuss and determine the latter question.

Wherefore, the judgment herein is affirmed.

The whole court sitting. Judge Thomas dissenting, and Judge Dietzman and Chief Justice Clarke concurring in the affirmance, but dissenting from the ground upon which it is placed.