## Pierce v. Commonwealth.

(Decided October 9, 1925.)

### Appeal from Hart Circuit Court.

1. Criminal Law—Supreme Court Required to Determine Whether Indictment Charged an Offense, Though no Demurrer or Motion in Arrest of Judgment Filed.—In prosecution for converting to defendant's own use funds of a partnership of which he was a member, Supreme Court was required to determine whether indictment charged an offense within jurisdiction of the court, in view of Criminal Code of Practice, section 278, though no demurrer or motion in arrest of judgment was filed.

2. Embezzlement—Indictment Charging Defendant with Converting Funds of Partnership of which he was a Member Held Not to Charge an Offense—"Wholly of Another."—Indictment charging defendant with converting to his own use funds of a partnership of which he was a member, without consent of his copartner, held not to charge an offense under Ky. Stats., section 1358a, since partnership funds are not "wholly of another" but belong to all

the partners, including converting partner, as their interest may be determined by their partnership contract.

WATKINS & CARDEN and E. L. VASS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The essential facts in this case are not in dispute. Appellant, Lennie Pierce, and T. L. Thompson in the early part of 1920 formed a partnership to conduct a general store in the Dog creek neighborhood of Hart county. They both contributed property and cash to the business; the appellant being in active charge of its affairs. After the partnership had been thus engaged for about ten months, the appellant drew several checks on the partnership funds in payment of some private gambling debts he had incurred. On Thompson's discovery of these facts he had the appellant indicted for the offense of unlawfully converting property of another without the consent of the owner as denounced by section 1358a of the Kentucky Statutes. This indictment was found in January, 1921. Appellant promising to reimburse Thompson for his losses occasioned by appellant thus paying his gambling debts, the indictment was filed away and was not reinstated on the docket until the January, 1925, term of the court, and then because appellant had failed to redeem the promises he had made to repay Thompson. Appellant was found guilty under the indictment and sentenced to one year in the penitentiary, from which judgment he appeals.

The indictment plainly charges the appellant with converting to his own use the funds of a partnership, of which he was a member, without the consent of his copartners. No demurrer was filed by appellant to this indictment, nor did he make any motion in arrest of judgment after his conviction. He did at the close of the Commonwealth's case, and at the close of the whole case, make motions for a peremptory instruction, which motions were overruled, but he failed to incorporate the court's failure to sustain those motions in his motion and grounds for a new trial. Such motion was based solely on the grounds that the verdict was against the law and the evidence and "newly discovered evidence."

On this appeal appellant, whose case is ably briefed in this court by counsel other than his trial counsel, has practically abandoned the grounds set out in his motion for a new trial and insists that the indictment charged no public offense and for that reason the judgment of the lower court should be reversed.    The Commonwealth does not enter into a discussion of whether or not the indictment does state a public offense, but insists that, as no demurrer was filed and no motion made in arrest of judgment, this court is without power to reverse the case even though the indictment states no public offense within the jurisdiction of the court.    In this the Commonwealth is in error.   In the very recent case of Morgan v. Commonwealth, 202 Ky. 211, 259 S. W. 46, this court held that where an indictment fails to charge a public offense within the jurisdiction of the court and where it would have been reversible error to have overruled demurrers thereto or motions in arrest of the judgment entered thereon, it was the duty of the trial court to itself arrest the judgment under section 278 of the Code, which provides: "The court may arrest the judgment without motion, on observing the defect in the indictment, named in section 276." This court also held in that case that, should the trial court fail to perform its duty in this respect, it would be the duty of this court to reverse such judgment, since otherwise defendants might be punished without ever having been charged with the commission of any public offense within the jurisdiction of the court, and thus the very purpose of section 278 of the Criminal Code would be frustrated.   It thus becomes our duty to determine whether or not the indictment in this case charges an offense within the jurisdiction of the court. As stated, the indictment plainly charges the appellant with the conversion to his own use of the funds of a partnership of which he was a member.   In discussing section 1358a, Kentucky Statutes, Gregory's Kentucky Criminal Law, page 310, says:

"By the act of March 21, 1902, the legislature of Kentucky undertook to provide for the punishment of a species of fraudulent taking or using of another's property, that was not covered by the existing law of larceny or embezzlement.   The offense defined is sometimes referred to as embezzlement and sometimes merely as conversion.   In its constituent elements, it is essentially embezzlement, and has been so treated in the decisions, though not spe-

cifically so denominated by the statute. . . . The legislature sought, by this act, to enlarge the law against embezzlement, so as to include those in possession of another's property by reason of some fiducial relation not theretofore embraced by such law. This offense is complete when another's property has been fraudulently converted without his consent and no demand therefor is necessary. . . . The test of the conversion is the ownership of the property converted by the other person."

This text is supported by the opinions of this court in Commonwealth v. Barney, 115 Ky. 475, 74 S. W. 181; and Commonwealth v. Abele, 160 Ky. 800, 170 S. W. 191. It will be noted that one of the essential elements of the crime denounced by this section of our statutes is that the property taken shall be that of another. It is because of this essential element in the offense of embezzlement, where not otherwise defined by statute, that the courts have uniformly held that a partner cannot be guilty of the offense of embezzling partnership funds, since the requirement that the property taken shall be that of another means that "wholly of another" and partnership funds are not "wholly of another," but belong to all the partners, including the converting partner, as their interests may be determined by their partnership contract. In 17 A. L. R., page 982, may be found an exhaustive note collecting the authorities in support of this proposition, to which should be added the case appearing on page 980 of that volume, to which that note is appended. If a partner cannot be guilty of the crime of embezzling partnership funds because they do not belong "wholly to another," it follows that he also cannot be guilty of violating section 1358a of the Kentucky Statutes in converting partnership funds to his own use, as this essential element is common to this offense and that of embezzlement. Hence as the indictment disclosed that the funds which appellant in this case is charged with converting were the funds of a partnership of which he was a member, it did not charge any offense within the jurisdiction of the court, and for that reason had a demurrer or a motion in arrest of judgment been interposed the lower court would have had to sustain the same, and even though there was a failure to interpose such demurrer or motion it was the duty of the trial court itself, under section 278 of the Criminal Code, to have arrested the judgment. The trial court having failed to do so, it becomes our duty,

under the Morgan case, *supra,* to reverse the case, with instructions to the lower court to arrest the judgment under the section of the Criminal Code cited.   Judgment reversed.