## Life & Casualty Insurance Company of Tennessee v. Hendon.

(Decided January 25, 1927.)

### Appeal from McCracken Circuit Court.

Appeal and Error—Amendment After Remand Alleging Fraud in Insurance Application Uncontroverted, Except by Motion to Strike Never Acted on, Entitled Defendant to Directed Verdict.—Where after reversal and remand of suit on insurance policy insurer amended answer and alleged fraud in application, to which plaintiff filed motion to strike which was never acted on, verdict for plaintiff was error; defendant being entitled to directed verdict on uncontroverted defense.

L. B. ALEXANDER for appellant.

JOHN EGESTER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Granting appeal and reversing.

There have been two trials of this case in the lower court, and this is a motion for an appeal from a judg-

ment for $240.00. On the first trial a peremptory instruction was given in favor of plaintiff. An appeal was granted in this court and the judgment reversed, with instructions to submit the issues then tendered in the pleadings. Life & Casualty Co. of Tenn. v. Hendon, 209 Ky. 771. On a return of the case the insurance company filed an amended answer setting up a new defense, that is, fraud in the application for insurance, the written application being filed with that pleading. Some days later the plaintiff filed a written objection to the filing of that pleading. Apparently this was intended as a motion to strike, but it was never acted upon, and the pleading was never controverted. It stated a defense, and not being controverted entitled the defendant to a directed verdict. The court did not even submit that defense to the jury, and upon other issues a verdict was rendered in favor of plaintiff. This was error authorizing a reversal.

Wherefore, an appeal is granted, the judgment is reversed and the cause remanded for proceedings consistent with this opinion.