## Ford v. Commonwealth.

(Decided March 20, 1928.)

## Appeal from Carroll Circuit Court.

1. Criminal Law.—Bill of exceptions is not part of record unless it is filed by an order of court, and, where not so filed, exceptions should be stricken out.

2. Indictment and Information.—Under Ky. Stats., sec. 2248, prohibiting civil officers from being members of grand jury, but providing that indictment shall not be set aside because incompetent person served on grand jury, fact that county coroner was member of grand jury is not ground for quashing indictment.

3. Criminal Law.—Where search warrant was in regular form, it will be presumed, unless contrary appears, that proper affidavit was filed.

4. Criminal Law.—In criminal case, record should contain complete transcript of proceedings, except stenographer's transcript of evidence, which may be sent up with record; there being no provision for partial record, and it being insufficient for clerk to copy only certain orders and papers and certify same as being true copies of original.

5. Criminal Law.—In criminal case, it will be presumed, when complete transcript is not filed, that missing parts of record sustain judgment.

EUGENE MOSLEY for appellant.

J. W. CAMMACK, Attorney General, and J. M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

William Ford was indicted in the Carroll circuit court for unlawfully having in possession spirituous and intoxicating liquors, and it was charged in the indictment that he had been theretofore convicted of a like offense. On a trial of the case he was found guilty, and his punishment was fixed at one year in the penitentiary. He appeals.

The Attorney General has entered a motion to strike out the bill of exceptions, for the reason that there is no order of court filing it. A bill of exceptions is not a part of the record, unless it is filed by an order of court. The motion of the Attorney General should therefore be sustained, but, if the bill of exceptions is considered, no error appears.

The defendant moved to quash the indictment on the ground that Gayle O'Neal, who was coroner of Carroll county, was a member of the grand jury. Section 2248, Kentucky Statutes, provides that no civil officer shall be a member of the grand jury. But the statute concludes with these words:

"But the fact that a person not qualified or competent served on a grand jury, shall not be cause for setting aside indictments found by such grand jury."

The words quoted here have been added to the statute by amendment since the cases relied on by appellant were decided. Under the present statute, the fact that a civil officer was on the grand jury is not a ground for quashing the indictment.

The commonwealth introduced in evidence the search warrant under which the officers entered Ford's house and found the whisky. The affidavit upon which the search warrant was issued was lost, and no proof was offered to show its contents. The defendant insists that his objection to the search warrant, and the proof obtained thereby should have been sustained. The warrant was in regular form. The rule is well settled that in such a case it will be presumed, unless the contrary appears, that a proper affidavit was filed.

"The warrant fully complied with the law in every essential, and from that fact the presumption would arise that it was preceded by a proper affidavit, and the burden was on the defendant to show the contrary." Abraham v. Com., 202 Ky. 492, 260 S. W. 19.

There was no substantial error in the admission or rejection of evidence, or in the instructions to the jury. The evidence clearly sustains the verdict.

The record in this case is so unusual that the court deems it proper to call attention to the proper mode of bringing up a record in a criminal case. There is no provision of law for a partial record in a criminal case. The record should contain a complete transcript of the proceeding, except the stenographer's transcript of evidence, which may be sent up with the record. It will be presumed in this court when a complete transcript is not filed that the missing parts of the record sustain the judgment. In this case the clerk copies only certain or-

ders and certain papers filed, and certifies that these are true copies of the original. But he does not certify that the transcript is a complete copy of the record in the circuit court. This is essential, and attention is called to the rule in order that clerks in making out records may make them out properly.

Judgment affirmed.