## Jones v. Commonwealth.

(Decided June 27, 1928.)

### Appeal from Calloway Circuit Court.

1. Criminal Law.—Bill of exceptions is of no validity until it is filed by an order of the court, and, in absence of such order, it cannot be considered as a part of the record, since courts can only speak through their records.
2. Criminal Law.—Bill of evidence approved by circuit judge, though considered as bill of exceptions, was not entitled to consideration on appeal as part of record, where there was no order showing that the bill of evidence was tendered or filed.
3. Criminal Law.—Bill of exceptions or bill of evidence must be filed at term in which motion and grounds for new trial is overruled, or within time of extension, but, to be considered as part of record, it must be filed in open court, and cannot be filed in vacation.
4. Criminal Law.—Where there was no order showing filing of bill of exceptions or bill of evidence, it was presumed that the action of the trial court was correct, and that the evidence supported the verdict, and the only question for consideration on appeal was the sufficiency of the indictment to support the verdict.

JACK E. FISHER for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

·OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellant was indicted on the charge of having whisky in his possession after having previously been convicted on a similar charge. A jury convicted him, and gave him 18 months in the penitentiary. An examination of the evidence, although not properly before us, shows beyond all question that he was guilty, and his counsel does not seriously attempt any argument showing that

he was not guilty of the offense charged in the indictment, but he urged a number of technical objections to the proceedings in the lower court.

There is no bill of exceptions other than the bill of evidence which is approved by the circuit judge, but there is no order showing that it was ever filed, and there is no notation by the clerk showing that it was filed by him. The trial was had at the November term, 1927, of the Calloway circuit court. On the 8th day of that term, which was the 22d day of November, an order was entered giving appellant until the 7th day of the April term, 1928, to prepare and file his bill of exceptions. There is no order in the record showing that a bill of exceptions was either tendered or filed. There is no order showing that the bill of evidence was tendered or filed. The official stenographer signed the transcript of evidence December 15, 1927, and it was approved by the circuit judge January 9, 1928, but nowhere do we find any order filing it. A court can only speak through its records, and a bill of exceptions is of no validity until it is filed by an order of court. In the absence of such an order, a bill of exceptions cannot be considered as a part of the record. Holmes v. Robertson County Court, 89 S. W. 106, 28 Ky. Law Rep. 283.

Where the bill of evidence contains the instructions and such other information as is usually found in a bill of exceptions, it is sometimes treated as the entire bill of exceptions. Considering it so in this case, however, does not help, as there is no order filing it.

A practice seems to have grown up in some parts of the state of allowing the circuit judge to approve bills of evidence and bills of exceptions in vacation. Such a practice leads to trouble which may involve the rights of parties. A bill of exceptions which includes the bill of evidence when filed as one instrument must be approved and examined by the judge in open court, and there must be an order showing that the bill of exceptions was filed. Where the bill of evidence is offered in a separate volume, there should be an order showing that it was filed. What has been said relates to the actual filing and making the order, and not to orders extending time for filing bills of exception. A bill of exceptions, including the bill of evidence, must be filed at the term in which the motion and grounds for a new trial is overruled, unless the time is extended by order entered until some day in the next

term of the court. The extending of the time for the filing of a bill of exceptions does not mean that it may be filed in vacation. When it is filed, it must be filed in open court, and there must be an order showing that it was so filed. Otherwise it is not a part of the record, and this court cannot consider it. Craft v. Allen, 51 S. W. 169, 21 Ky. Law Rep. 243; Postal Telegraph-Cable Co. v. Louisville Cotton Oil Co., 136 Ky. 843, 122 S. W. 852, 125 S. W. 266; Asher v. Asher, 203 Ky. 540, 262 S. W. 941; Southern Railway Co. v. Thurman, 76 S. W. 499, 25 Ky. Law Rep. 804; Life & Casualty Co. of Tennessee v. Hendon, 209 Ky. 771, 273 S. W. 469; Proctor Coal Co. v. Strunk, 89 S. W. 145, 28 Ky. Law Rep. 241.

In the instant case, there is nothing to show that any bill of exceptions was filed in open court, or at all. There is nothing to show that the bill of evidence was filed, and there is no order of record showing that it was filed. In the absence of a bill of exceptions, it will be presumed that the action of the trial court was correct, and that the evidence was sufficient to support the verdict. The only question that can be considered is the sufficiency of the indictment to support the verdict. Cook v. Commonwealth, 18 S. W. 356, 13 Ky. Law Rep. 702; Siler v. Commonwealth, 197 Ky. 278, 246 S. W. 794; Maynard v. Commonwealth, 210 Ky. 362, 275 S. W. 871; Ford v. Commonwealth, 223 Ky. 677, 4 S. W. (2d) 683.

The indictment is sufficient to support the verdict.

Judgment affirmed.