## Hughes v. Commonwealth.

(Decided March 22, 1929.)

S. JEWELL RICE for appellant.

J. W. CAMMACK, Attorney General, and S. B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, C. W. Hughes, was indicted by the grand jury of Jessamine county in which he was accused of committing the offense denounced by chapter 62, p. 180, Session Acts of 1926, and which was an amendment to section 1213a of Carroll's Statutes, Edition of 1922, and all of which is generally referred to as the "cold check" statute. Under a plea of not guilty, he was convicted and punished by confinement in the penitentiary for a period of two years, and by this appeal he seeks a reversal of the judgment pronounced on that verdict. The commonwealth in due time moved to strike from the transcript all of that part of it purporting to be a "bill of exceptions" and a "bill of evidence," upon the ground that neither of them was filed in accordance with the declared practice in this jurisdiction so as to entitle them to be considered by this court. The facts with reference thereto are: That the prosecution was tried on November 17, 1927, next to the last day of that regular term of the Jessamine circuit court. Defendant's motion for a new trial was filed and overruled and judgment pronounced, but perhaps on the next day, the record not disclosing. On the last day of the term an order was made allowing defendant the right to execute bond, pending an appeal to this court, and the bond was executed, and the judgment was suspended for 60 days "to enable defendant to prosecute appeal to the court of appeals;" whereupon the term of the court was adjourned.

No bill of exceptions or bill of evidence was filed at that term of the court, nor at any other term. Neither was any order made extending the time of filing them to any day in any succeeding term of court. Notwithstanding such facts, defendant's counsel prepared what he claimed to be a bill of exceptions, and had it approved by the judge of the court in vacation, and he also procured the stenographer to make a transcript of the evidence heard on the trial and had it approved by the judge, in vacation. He then filed them with the clerk of the court in vacation, and that officer indorsed the bill of exceptions thus, "Filed the 6th day of January 1928, as of the 18th day of November 1927, W. H. Mathews, Jr., C. J. C. C.," and at the same time and in the same manner with the same indorsement on it he filed with the clerk what purported to be the stenographer's transcript of the evi-

dence. Both bills, as so indorsed by the clerk, were filed in this court on January 16, 1928, as part of the record.

The clerk of the Jessamine circuit court, in an amendment of the transcript, certified that the two documents referred to were filed in his office in vacation on January 14, 1928, and which contradicts his certificate written on each of them. But be that as it may, neither the original record, nor the record as amended, discloses any order of court or any agreement of parties that the record should be completed in any such manner. We do not, therefore have before us on the hearing of this motion the question argued by appellant's counsel, that the commonwealth would be estopped to insist on the motion to strike when it by its commonwealth's attorney agreed for the record to be completed as indicated, and the cases cited by him in support of that contention cannot be considered on this hearing.

We then have a case where neither the bill of exceptions, nor the bill of evidence, was filed by any *order,* of court, and where the only filing of either of them was with the clerk *in vacation,* and either of which facts, under numerous opinions of this court, disentitles them to consideration on this appeal. The text in Miller's Appellate Practice and Forms, sec. 68, p. 109, on the involved questions of practice says:

> "A bill of exceptions can not be signed and made part of the record in vacation, nor out of court, although an order be entered allowing it to be done, unless such order be entered of record by consent of the parties."

The author cites in the notes these supporting cases from this court: Adkins v. Commonwealth, 102 Ky. 91, 42 S. W. 834, 44 S. W. 132, 19 Ky. Law Rep. 1309; Freeman v. Brenham, 17 B. Mon. 607; Biggs v. McIlvaine, 3 A. K. Marsh 360; Beattyville & C. G. R. Co. v. Plummer, 52 S. W. 948, 21 Ky. Law Rep. 685; Freeman v. Brenham, 17 B. Mon. 603; Allard v. Smith, 2 Metc. 298; Corley v. Evans, 4 Bush 409; Craft v. Allen, 51 S. W. 169, 21 Ky. Law Rep. 243; Beckett v. Commonwealth, 154 Ky. 209, 157 S. W. 12; Allard v. Smith, 2 Metc. 298. The court has never departed from the rule of practice so announced, and, since the two bills in this case were filed in vacation, they cannot be considered as a part of the record.

Moreover, in the very recent case of Mann v. Commonwealth, decided November 16, 1928, and reported in 226 Ky. 296, 10 S. W. (2d) 1094, we again held that, for such portions of the transcript to properly be made a part of the record, they should be filed during a term of court and which fact should be evidenced *by an order of record*. Prior cases to the same effect are referred to in that opinion and which need not be inserted in this one. Two very recent ones indorsing the same practice in criminal cases, and not referred to in the Mann Opinion, are White v. Commonwealth, 225 Ky. 153, 7 S. W. (2d) 1059, and Jones v. Commonwealth, 225 Ky. 273, 8 S. W. (2d) 382.

It is therefore apparent that the only questions that may be considered by us on this appeal are the sufficiency of the indictment to support the conviction, and the regularity of the proceedings as manifested by the transcript of the record to be kept by the clerk during the progress of the cause. No error appears in the record made during the pendency of the prosecution, and which leaves for consideration only the sufficiency of the indictment.

In the recent case of Burnam v. Commonwealth, 228 Ky. 410, 15 S. W. (2nd) 256, chapter 41, page 175, of the 1928 Acts, which was a re-enactment of the 1926 act with some minor amendments, was declared invalid, and following that opinion, and on March 15, 1929, in the case of Ward v. Commonwealth, we held the 1926 amendment invalid for the same reasons that its substitute (the 1928 act) was held to be so, and in each of those opinions it was furthermore held that, the amendatory act being invalid, the originally amended statute, which is section 1213a of the 1922 Edition of Carroll's Kentucky Statutes, was revived. The indictment in this case does not conform to the latter statute, and is wholly insufficient under it. It nowhere avers any intent to defraud any person on the part of appellant, nor does it allege that at the time he issued the check for which he is prosecuted he knew that he did not have sufficient funds in the bank on which it was drawn to meet it. No public offense having been stated in the indictment, it is clear that defendant should not be prosecuted under it, but, if done, followed by a conviction, it is equally clear that he should not be punished, since punishment may not be inflicted, except upon conviction of a public offense. A judgment contrary thereto is

734

clearly erroneous, and reversible on appeal. See Pierce v. Commonwealth, 210 Ky. 465, 276 S. W. 135.

Wherefore the judgment is reversed, with directions to grant the new trial, and for further proceedings consistent with this opinion.