## Hurd v. Commonwealth.

(Decided May 7, 1929.)

RODES K. MYERS for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

At the September term, 1928, of the Warren circuit court, the appellant, Albert Hurd, was convicted of the murder of Clayton Hurd and his punishment fixed at life imprisonment. His motion for a new trial being overruled, he was given until the 15th day of the October term to tender a bill of exceptions. On the same day he filed his motion to be permitted to appeal in forma pauperis.

It does not appear that the bill of exceptions was either tendered or filed, although there is sent to this court a transcript of evidence containing 460 pages, which is indorsed: "Examined and approved as correct, this 30th day of October, 1928, Porter Sims, Judge of the Warren Circuit Court," and bears a notation, apparently in the handwriting of the official stenographer: "Filed in open court October 30, 1928."

After notice, a motion to strike this transcript from the record has been filed by appellee, and under the state of the record that motion must be and is sustained.

We have before us, therefore, only the indictment, judgment, and other orders entered on the order book as certified in the clerk's transcript.

The identical situation appeared in Jones v. Commonwealth, 225 Ky. 273, 8 S. W. (2d) 382, and relative thereto it was written:

"A court can only speak through its records, and a bill of exceptions is of no validity until it is filed by an order of court. In the absence of such an order, a bill of exceptions cannot be considered as a part of the record. Holmes v. Robertson County Court, 89 S. W. 106, 28 Ky. Law Rep. 289 (283).

. . .

"In the instant case, there is nothing to show that any bill of exceptions was filed in open court, or at all. There is nothing to show that the bill of evidence was filed, and there is no order of record showing that it was filed. In the absence of a bill of exceptions, it will be presumed that the action of the trial court was correct, and that the evidence was sufficient to support the verdict. The only question that can be considered is the sufficiency of the indictment to support the verdict. Cook v. Commonwealth, 18 S. W. 356, 13 Ky. Law Rep. 702; Siler v. Commonwealth, 197 Ky. 278, 246 S. W. 794; May-

nard v. Commonwealth, 210 Ky. 262, 275 S. W. 871; Ford v. Commonwealth, 223 Ky. 677, 4 S. W. (2d) 683.''

The indictment in this case is sufficient to support the verdict.

We may say, however, that the alleged errors discussed in appellant's brief, if they had been supported by an authenticated record, would not in our opinion justify a reversal of the judgment.

The judgment is affirmed.