## Hiles v. Commonwealth.

(Decided October 10, 1930.)

KING SWOPE for appellant.

J. W. CAMMACK, Attorney General, and S. B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Sustaining motion to strike case from docket.

Jesse Hiles appeals from a judgment inflicting a fine of $150 and 30 days' imprisonment in the county jail for violation of the prohibition law.

A motion has been made to strike the case from the docket for the reason that no transcript of the record has been filed in the office of the clerk of this court, and there is no order of court filing the bill of exceptions and making it a part of the record, and for the further reason that it was approved and filed on a day when the Mercer circuit court was in vacation, and before the effective date of chapter 19 of the Acts of the General Assembly of 1930.

Appellant argues that, conceding the bill of exceptions should be stricken, in the absence of the bill of exceptions the court can consider the sufficiency of the indictment, which is challenged in this case, and therefore the motion to strike the case from the docket is not the proper one. The fallacy in this argument is that the indictment is only set out in the bill of exceptions. The bill of exceptions includes what purports to be a copy of the indictment and some of the orders of court, or the substance thereof, and the clerk merely certifies that what is filed is a true and correct copy of the bill of exceptions. No transcript of the record, including the indictment and orders of the court, with the clerk's certificate, is filed.

As was said in Postal Telegraph-Cable Company v. Louisville Cotton Oil Company, 136 Ky. 843, 122 S. W. 852, 854, 125 S. W. 266: ''The sole purpose and office of a bill of exceptions is to bring before this court a record authenticated by the trial judge of things that transpired

478

in the trial court that do not appear on the record book of the trial court. It is not necessary to put in the bill of exceptions the pleadings, orders of court, or any motion or paper that is mentioned in the orders of court as having been offered or filed as a part of the record, although it may not be copied on the record book, as the fact that it is there mentioned is sufficient evidence of its identification to make it a part of the record for this court when copied by the clerk accompanied by his certificate.''

Since there is no order of court filing the bill of exceptions and making it a part of the record, and since the day on which it purports to have been filed was a day when the Mercer circuit court was in vacation, it should be stricken on a motion properly made. Hedrick v. Commonwealth, 231 Ky. 425, 21 S. W. (2d) 651; Hurd v. Commonwealth, 229 Ky. 356, 17 S. W. (2d) 201; Hughes v. Commonwealth, 228 Ky. 730, 15 S. W. (2d) 421; Jones v. Commonwealth, 225 Ky. 273, 8 S. W. (2d) 382; Ford v. Commonwealth, 223 Ky. 677, 4 S. W. (2d) 683. As the only record brought to this court is what purports to be a bill of exceptions, which is fatally defective, the motion to strike the case from the docket was proper, and it is sustained.