# Commonwealth By State Highway Commission v. Castle et ux.

Feb. 16, 1943.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellant.

Wheeler & Wheeler for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Affirming.

The only question presented on the merits of the case involves a determination as to whether the evidence is sufficient to support the award of the jury against ap-

pellants for damages occasioned by the taking of a part of the land owned by appellees, and incidental damage to the remainder, for the purpose of constructing a highway. The determination of this question would require a review of the evidence, the bill of which it is contended by appellees is not shown by the record to have been filed in the time allowed.

Appellant was given until the 10th day of June, 1942, to file a bill of exceptions. No order of the court appears in the record showing such a bill ever to have been filed. The record, however, discloses a bill of the evidence was filed by order of the court on the 23rd day of July, 1942. Under the provisions of section 334 of the Civil Code of Practice, as construed by former opinions of this court, in order that the bill of exceptions may be considered on appeal, it must be filed by order of the court. Spencer v. Commonwealth, 250 Ky. 370, 63 S. W. (2d) 288, and cases therein cited. It is a settled rule that the transcript of evidence approved by the court and filed by order of the court for the purpose of appeal may be treated as a bill of exceptions when it contains all of the essentials of such bill. Nuckolls v. Illinois Cent. R. Co., 227 Ky. 836, 14 S. W. (2d) 157, and cases therein cited. Tender of a bill of exceptions, or bill of evidence containing the essential elements of the former, if made in the time allowed, meet the requirements of Section 334 of the Civil Code of Practice, although the order of the court filing it is not made or entered until a later date. Barrett v. Vander-Meulen, 264 Ky. 441, 94 S. W. (2d) 983. On the cover of the bill of evidence appears a memorandum purporting to have been signed by the clerk, to the effect that the bill was tendered on the 10th day of June, 1942, the last day allowed for its filing. Appellants contend that this memorandum is sufficient to establish the fact, although no order of court shows the tender to have been made on that date. We are of the opinion that this contention should be rejected. If the filing of the bill of exceptions, or the bill of evidence deemed to meet the requirements of the former, must be shown by order of court, it necessarily follows that the tender made in substitution thereof must likewise be shown by order of court. The mere fact that the binder on the bill of evidence when presented to this court contains a memorandum signed by the clerk that it was tendered in time is not sufficient to enable us to consider the evidence con-

tained in the bill. In other words, we hold that where the order filing the bill of execptions, or bill of evidence in substitution thereof, is not entered within the time previously allowed by the court for that purpose, such or some other order of court must show that the bill was tendered in the time allowed. Life & Casualty Co. of Tennessee v. Hendon, 209 Ky. 771, 273 S. W. 469. We are therefore without jurisdiction to consider the testimony contained in the transcript of evidence and can look alone to the question of whether the pleadings support the verdict. Although there is no contention to the contrary, we have examined the pleadings and find them sufficient for this purpose.

Wherefore, the judgment must be affirmed.