**Samuel Thomas CLARK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1954.

Rehearing Denied Feb. 11, 1955.

Wheeler B. Boone, Lexington, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MONTGOMERY, Justice.

Samuel Thomas Clark was convicted of a violation of KRS 435.105 for engaging

in indecent practices with a child under fifteen years of age, and received a sentence of ten years. A motion to strike the bill of exceptions was sustained because it was not filed in this Court within the time allowed. This ruling eliminated all questions urged in appellant's brief relative to the competency of certain testimony and makes it unnecessary to review the evidence. The remaining question is whether the indictment is sufficient to sustain the verdict and judgment.

It is urged that KRS 435.105, on which the indictment is based, charges three distinct crimes. This statute is as follows:

"Indecent or immoral practices with child under fifteen. Any person of the age of seventeen years or over who carnally abuses the body, or indulges in any indecent or immoral practices with the body or organs of any child under the age of fifteen years, or who induces, procures or permits a child under the age of fifteen years to indulge in immoral, sexual or indecent practices with himself or any person shall be guilty of a felony, punishable on conviction thereof by imprisonment in the penitentiary for not less than one year nor more than ten years."

The statute charges only one offense; that is, indecent or immoral practices with a child under fifteen years of age. There are distinct ways in which the offense may be committed. The various types of conduct condemned are described in the statute as being indecent or immoral practices and, therefore, each is a different and distinct way of committing the same offense. Appellant complains that the indictment was faulty because it charges two distinct crimes. Appellant is charged with "the crime of carnally abusing the body and indulging in indecent and immoral practices with the body and organs of a child under the age of fifteen years. * * * committed as follows, viz: That the said Samuel Thomas Clark on the 4th day of October, 1953 * * * did unlawfully or feloniously carnally abuse the body and indulged in indecent and immoral practices with the body and organs of a child under the age of fifteen years. * * *" Only the pertinent part of the indictment is quoted.

It is the view of the Court that the indictment charges two ways that appellant may have violated this statute rather than two distinct offenses or crimes. This question was not raised on the trial and is now urged for the first time on appeal, which is too late. Likewise, the objection is now urged that the indictment is defective because it is not direct and certain as regards the offense charged and also that carnal abuse is not appropriately described. Without passing upon these questions directly, it is sufficient to say that these objections should have been raised upon the trial by a motion to elect, or a demurrer, Criminal Code of Practice, Section 165, and are now considered as waived.

If an indictment states a public offense, though defectively, a failure to demur waives the defect. Maggard v. Commonwealth, 257 Ky. 414, 78 S.W.2d 315.

By a motion in arrest of judgment, appellant raised the question whether the indictment stated a public offense within the jurisdiction of the court. The sole question now is whether a public offense was stated.

The power of the court to arrest a judgment can only be exercised where there is no public offense charged, and in such cases, it is the duty of the court on its own motion to do so. Criminal Code of Practice, Sections 276 and 278; Pierce v. Commonwealth, 210 Ky. 465, 276 S.W. 135.

The Legislature, in the enactment of KRS 435.105, has seen fit to denounce the type of conduct described therein as offensive to good morals and as a protection for children of tender age against certain acts and practices of a person seventeen years of age or older. The seri-

ousness of the social problem is indicated by the penalty prescribed by the statute and again by the severity of the sentence in this case. The purpose of the statute is readily apparent. It is within the wisdom and discretion of legislative bodies to prescribe such statutes as the needs arise. The indictment follows substantially the wording of the statute and charges the public offense as condemned therein. The trial court was correct in denying the motion in arrest of judgment.

Judgment affirmed.